LEVI S. WHITNEY & others *vs*. EMILY J. JOSLIN.

A. furnished materials to B., who had agreed to build a barn for C.; and, before furnishing them, gave C. notice that he should claim a lien therefor. B. began but abandoned the work, and A. and C. then agreed that A. should finish the barn and pay all outstanding bills for work and materials already furnished, and C. should pay him a certain sum for such work and materials, and should also pay for the materials necessary to finish the barn. *Held*, that A. had no lien, under the Gen. Sts. *c*. 150, for the work or the materials furnished before his agreement with C., but that he had a lien for the materials furnished after the agreement.

A mechanic's lien is not defeated by the fact that in his certificate filed under Gen. Sts. *c*. 150, §§ 5, 6, the amount stated to be due to him is larger than that for which he has a lien, if the whole amount is really due to him, and he honestly supposes that he has a lien therefor.

The husband need not be made a party to a petition to enforce a mechanic's lien under the Gen. Sts. *c*. 150, against the property of a married woman, on a contract made with her concerning her separate property.

PETITION by Levi S. Whitney and two others to enforce a mechanics' lien under the Gen. Sts. *c*. 150.

At the trial in the superior court, before *Dewey*, J., it appeared that Peter Bourassa made a contract with the respondent's husband, Ebenezer L. Joslin, to build a barn on her land; that Bourassa began the work, but abandoned it before it was finished; and that the petitioners, who were partners under the name of L. S. Whitney & Sons, entered into a contract with the respondent, of which they signed the following memorandum:

"Agreement made and concluded July 6, 1870, by and between L. S. Whitney & Sons of the one part and Emily J. Joslin of the second part. Said L. S. Whitney & Sons hereby agree to complete the barn now commenced by Peter Bourassa and furnish all the lumber necessary for the same, and Joslin agrees to pay L. S. Whitney & Sons two hundred and eighty-one dollars for work and materials already furnished for said barn, L. S. Whitney & Sons to pay all outstanding bills for such work and materials, and Joslin to pay L. S. Whitney & Sons, in addition to the above amount, for what material shall be necessary for the completion of said barn, but for nothing else. Barn to be completed within ten days from date, and paid for when completed as per contract."

It further appeared that the petitioners finished the barn as per Bourassa's contract, and after the date of their own contract furnished the materials necessary for the completion of the barn, to the amount of $94; that they filed the certificate required by the Gen. Sts. c. 150, § 5, in which they stated that $375 was due to them from the respondent for labor and materials; that all the materials used by Bourassa in building the barn were furnished to him by them; and that before furnishing them they gave notice that they should claim a lien on the land and building.

The petitioners contended that they had a lien for $375, the full amount of their claim. The respondent contended that they were not entitled to maintain the petition, or if they could maintain it at all they could do so only for $94, the value of the materials furnished since the date of her contract with them. And the judge reported the case for the determination of this court; if the petitioners could not maintain their petition, judgment to be entered for the respondent; if they could maintain it, then an order for sale to be made, and the petitioners to be paid such amount as the court should decide they had a lien for, with interest and costs.

*G. F. Verry & F. A. Gaskill*, for the petitioners.

*J. H. Stockwell*, for the respondent.

MORTON, J. The petitioners claim a lien under their contract with the respondent, dated July 6, 1870. By this contract, the respondent agrees to pay them $281 for work and materials already furnished for the barn, upon the consideration that they shall pay all outstanding bills for such work and materials; and also to pay them for all materials used in the completion of the barn. We are of opinion that they cannot maintain a lien for the $281. If they ever had a lien for the materials furnished to Bourassa, they have waived it by the new contract. The enforcement of such lien is inconsistent with the contract. They have accepted the personal liability of the respondent for a fixed sum, as a substitute for her liability upon the debts for materials and labor previously furnished, and can claim a lien only under the new contract. But by this contract the respondent agrees to pay an entire sum for labor and materials previously furnished. It is

clear that the petitioners have not, and never had, any lien for the labor performed by Bourassa. *Parker* v. *Bell*, 7 Gray, 429. As the contract was entire for labor and materials, there being no lien for the labor, there is none for the whole or any part of the contract price. *Graves* v. *Bemis*, 8 Allen, 573. *Mulrey* v. *Barrow*, 11 Allen, 152. This is decisive of the petitioners' claim upon this part of their case, and it is not necessary to consider the other objections to it.

But their claim for $94 stands upon different grounds. This is for materials furnished by them, under the contract, in completing the barn; and they are entitled to enforce their lien therefor, unless they have lost it by failing to comply with the requirements of the statute. It is objected that the certificate filed in the town clerk's office under the Gen. Sts. *c.* 150, § 5, is fatally defective. The certificate states that the amount due the petitioners for labor and materials, for which they claim a lien, is $375. This is inaccurate and defective. But the statute provides that no inaccuracy in such statement, in stating the amount due for labor or materials, shall invalidate the proceedings, unless it appears that the person filing the certificate has wilfully and knowingly claimed more than is his due. Gen. Sts. *c.* 150, § 6. There is nothing in this case to show that the petitioners wilfully and knowingly claimed more than is their due. The amount claimed is correct; their error consisted in claiming a lien for the whole, when they are entitled to a lien for a part only. Such a mistake as to their legal rights is not unnatural or unreasonable, and, if honestly made, will not defeat their lien. *Hubbard* v. *Brown*, 8 Allen, 590.

We are not able to see any force in the objection that the husband of the respondent should have been made a party to the suit, her contract having been in reference to her separate property. Gen. Sts. *c.* 108, § 3.

The result is, that the petitioners are entitled to a lien for the debt due for the materials furnished after the execution of the said contract with the respondent.

*Judgment for the petitioners accordingly.*