## WILLIAM GOGIN vs. WILLIAM WALSH.

Suffolk. Nov. 26, 1877. — June 28, 1878. AMES & LORD, JJ., absent.

A. made a contract with B., the owner of a building, to repair it. A. then con-
tracted with C. to furnish, for a round sum, certain materials and labor, and C.
partly performed his contract, when A. absconded, and B. put a notice on the
building, stating that he would not be responsible for any work on the building
except by his own orders. C. thereupon, and for that reason, ceased work, and
within thirty days thereafter duly filed a statement of his claim for the labor per-
formed and materials furnished; but did not set forth therein the " entire price for
the entire contract." No notice was given to B., under the Gen. Sts. c. 150, § 2,
of C.'s intention to claim a lien for the materials. Held, that C. could not main-
tain a petition to enforce a lien, under the Gen. Sts. c. 150, for the labor and ma-
terials, or, under the St. of 1872, c. 318, for the labor alone.

PETITION to enforce a mechanic's lien for labor performed and
materials furnished in the alteration and repair of a building in
Boston.

At the trial in the Superior Court, without a jury, before
*Allen*, J., it appeared in evidence that the defendant employed
one Post to repair the building, and Post contracted with the
petitioner to do the plastering, furnishing both labor and mate-
rials, for the entire sum of $270, of which $170 was to be paid
when the first coat of plaster was put on. When the first coat
was put on, Post absconded, having been overpaid by the de-
fendant, and the defendant thereupon put a notice on the build-
ing that he would not be responsible for any work done on the
building except by his own orders, and the petitioner there-
upon, and for that reason, discontinued his work, and within
thirty days thereafter duly filed, in the registry of deeds, a cer-
tificate or statement of his lien, which did not set forth the en-
tire price for the entire contract.

The petitioner offered the certificate in evidence, to the admis-
sion of which the defendant objected, because it did not contain
the particulars prescribed by the St. of 1872, c. 318. But the
judge ruled that the statement was sufficient, and admitted it.

The judge found that the certificate was made and filed, and
the petition to enforce the lien properly brought, within the time
required by law; that the certificate contained a true statement
of the amounts due the petitioner; that there was due the peti-
tioner for labor the sum of $82.10; that no notice in writing

had been served upon the defendant, as required by the statute; that, therefore, no lien existed for the materials furnished by the petitioner; and found for the petitioner in the sum of $82.10 and interest, the sum claimed in the petition for labor; and the respondent alleged exceptions.

*J. D. Thomson,* for the respondent.

*J. Bennett,* for the petitioner.

SOULE, J. The mechanic who furnished labor and materials in repairing or erecting a building, for an entire sum, under a contract with one not the owner of the premises on which the work was done, had no lien under the Gen. Sts. *c.* 150, for either labor or materials, unless he gave notice to the owner of his intention to claim a lien for the materials, before furnishing them. *Morrison* v. *Minot,* 5 Allen, 403. *Brewster* v. *Wyman,* 5 Allen, 405, note. To relieve the mechanic from any hardship which this state of the law might expose him to, it is provided by the St. of 1872, *c.* 318, that a lien shall attach to secure payment for labor performed or furnished under an entire contract for labor and materials, provided it can be distinctly shown what such labor is worth, with the further provision that such lien shall not be enforced for a sum greater than the price agreed on for the entire contract. Section 2 of this statute makes it a condition precedent to the enforcement of the lien thus given, that the statement of account, to be filed in the office of the clerk of the city or town, as required by the Gen. Sts. *c.* 150, § 5, shall set forth, in addition to what is there specified, " the entire price for the entire contract, the number of days of labor performed or furnished, and the value of the same." This statement is required, by the St. of 1877, *c.* 93, to be filed in the registry of deeds for the county or district in which the building is situated.

The exceptions show that the notice requisite to the creation of a lien for the materials furnished was not given to the owner, and that the statement of account filed by the petitioner did not set forth the entire price for the entire contract under which the labor was performed. The failure to comply with the requirement of the statute in this respect destroyed the right of the petitioner to enforce a lien for the labor. His right depended wholly on the statute, and could be established only by a substantial compliance with its terms. The position taken by the

petitioner at the argument, that, because he could maintain an action on a *quantum meruit* against Post, with whom he made the contract, in consequence of Post's breach, he may maintain his lien as if the labor had not been performed under an entire contract for labor and materials, is not tenable. This question was fully discussed and decided in *Clark* v. *Kingsley*, 8 Allen, 543. When the work was done, no lien for it could attach, except in case the petitioner did a certain act which he has never done. There was no contract between the petitioner and the respondent. Any breach of contract by Post, with whom the petitioner was dealing, could not in any way affect the rights or obligations of the respondent as to work which had been done by the petitioner under the entire contract, before the breach occurred. The ruling of the learned judge who tried the case, that the statement filed by the petitioner was sufficient, was therefore erroneous.                          *Exceptions sustained.*