## DENNIS D. CASEY vs. ADELINE WEAVER.

Hampden.　Sept. 22, 1885. — Feb. 27, 1886.　FIELD, C. ALLEN, &
GARDNER, JJ., absent.

At the trial of a petition to enforce a mechanic's lien, under the Pub. Sts. c. 191, it
is a question of fact whether a promissory note received by the petitioner from
his employer was payment *pro tanto*.

At the trial of a petition to enforce a mechanic's lien, under the Pub. Sts. c. 191, if
the finding is for the petitioner, interest from the date of the petition is properly
included.

If an entire contract is made for labor and materials, and a part payment is made,
before any is due, to enable payment to be made for materials provided, no
agreement can be inferred from these facts that the part payment shall not go
in reduction of the amount of lien which may exist for labor performed. '

If a person has furnished labor and materials, in the construction of a house, for
an entire price, to be paid on the completion of the contract, and has given no
notice of his intention to claim a lien for the materials, and can distinctly show
what the labor was worth, he may enforce a lien, under the Pub. Sts. c. 191,
§ 2, for the labor alone, limited by the contract price, although a partial pay-
ment has been made under the contract.

PETITION, under the Pub. Sts. c. 191, to enforce a mechanic's
lien.　Trial in the Superior Court, without a jury, before
*Barker*, J., who found for the petitioner, and ordered judgment
accordingly; and the respondent alleged exceptions.　The facts
appear in the opinion.

*J. L. Rice*, for the respondent.

*J. B. Carroll*, for the petitioner.

W. ALLEN, J.　The refusal to give the second ruling asked was
right.*　It was a question of fact, upon the evidence, whether
the note was payment *pro tanto*.

Interest from the date of the petition was properly included.
*Johnson* v. *Boudry*, 116 Mass. 196.

The petitioner made an oral contract with one Sheldon to do
the plumbing, furnishing the materials and labor, in the con-
struction of the respondent's house, for an entire price of $300,
to be paid on the completion of the contract by the petitioner.
He gave no notice of his intention to claim a lien for materials,
and he can distinctly show what the labor was worth.　He had,

---

* The ruling asked for was as follows: " The note for $150, received by
the petitioner from Sheldon, was *pro tanto* a payment under his contract with
Sheldon."

therefore, a lien for the labor alone, under the Pub. Sts. *c.* 191, § 2. After materials had been furnished, $35 was advanced by Sheldon as a payment on the contract. The only matter presented in the remaining exceptions is in respect to the effect of this payment upon the lien for labor. The respondent contends that the payment was made on the entire contract for labor and materials, and cannot be apportioned between the labor and materials supplied under the contract; and that the lien cannot be enforced except for the worth of the labor in excess of the whole amount paid.

The payment was made before anything was due under the contract, and was expressly made to enable the petitioner to pay for materials which he had provided. Doubtless the parties could have agreed that the payment then made should be applied in payment for materials, so that it should not go to reduce the amount of a lien which the petitioner might have for labor. But no such agreement was expressed, and none can be implied from the facts stated.

Assuming that the payment is to be taken as a partial payment under the contract, we think it did not affect the petitioner's right to a lien for labor. The statute provides that, when labor and materials are furnished under an entire contract for an entire price, " a lien for the labor alone may be enforced, if it can be distinctly shown what such labor was worth, but in no case shall such lien be enforced for a sum greater than the price agreed upon for the entire contract." It is not contended that, under this provision, no lien for labor can be enforced after there has been a partial payment under the contract. In such a case, if the worth of the labor exceeds the balance of the contract price after deducting the partial payment, it is plain that the lien cannot be enforced for a sum greater than that balance; that is, the meaning of the statute is that the lien shall not be so enforced that the whole sum paid on the contract and the lien shall exceed the contract price. If a partial payment has been made, what remains unpaid of the contract price is the limit to which the lien for labor can be enforced. Construed thus, the statute gives a lien for labor performed to the extent of its worth, limited only by the amount of the contract debt unpaid. The statute does not do away with the contract.

*Childs* v. *Anderson*, 128 Mass. 108. A partial payment is a payment under the contract, and not a payment for materials or for labor, and its only effect is to diminish the amount of the contract debt. The lien for labor can be enforced to the extent of the contract debt after as well as before a partial payment, the only difference being, that, after the debt has been reduced by a partial payment, the proportion of the lien to the debt is greater than before; but in neither case can the lien creditor obtain more than the worth of his labor, nor more than the contract price; and neither the contract nor the statute recognizes any proportion between materials and labor supplied under the contract, or any separate price to be paid for either. The whole effect of the statute is outside of the contract, to give a lien for the worth of the labor, limited to the amount of the contract debt. It is not a case of the application of payments. The debt is a unit, and becomes wholly due at one instant; the lien is not for a part of the debt, but for the worth of the labor which goes to make the consideration of the debt. There is no rule by which the debt can be separated into different parts, in order that one part may receive the application of the payment, or that the payment may be apportioned between the parts. The proportional value of the labor and materials, if there were any principle by which it could be inquired into and ascertained, would not measure their relative share in the consideration for the contract price. If such application or apportionment of a payment on the contract cannot be made, it follows that such payment operates to discharge a lien *pro tanto*, unless the statute gives a lien for the whole worth of the labor performed until the whole contract price is paid. We think it does this; and that, the worth of the labor performed by the petitioner being less than the amount due on the contract debt after the partial payment was made, the lien can be enforced for the whole amount.

It follows that the third and fourth rulings requested were immaterial, and were properly refused.*

*Exceptions overruled.*

---

* These requests for rulings were as follows: " 3. Payment of part of the entire price of labor and materials performed and furnished under an entire contract cannot be applied to either the labor or materials separately, so as to

---

leave a subsisting debt for the other alone. 4. The contract under which the labor was performed and furnished being an entire contract for labor and materials for an entire price, a part of which was paid before any steps were taken to enforce a lien, and there being no lien for materials, there is no way of distinctly showing the worth of the labor unpaid for, and consequently no lien can attach for such labor."