DAVID HURLEY vs. W. P. A. LALLY.

Suffolk.    January 9, 1890. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mechanic's Lien for Labor — Statement in Registry of Deeds — Contract Price.*

A statement, filed in the registry of deeds by a person claiming a mechanic's lien for labor, recited that the labor was performed under a binding contract for the erection of two cellars, " the contract price being three dollars per square for excavation, and two dollars and fifty cents per perch for laying the stone, cement to be furnished by me," and showed the value of the labor performed and the balance due on the contract, without more. *Held*, that the statement was insufficient in failing to give the entire contract price.

W. ALLEN, J.    This is a petition to enforce a mechanic's lien for labor in the erection of two cellars, and the only question is

whether the statement filed by the petitioner in the registry of deeds is sufficient. The certificate states that the labor was furnished under an oral contract made with a person having authority from and rightfully acting for the owner of the premises, " the contract price being three dollars per square for excavation, and two dollars and fifty cents per perch for laying the stone, cement to be furnished by me."

This shows an entire contract to do the excavation and stone work, and furnish the cement for the two cellars. It was an entire contract, the price of which included both labor and materials. The Pub. Sts. c. 191, § 2, give a lien for the labor in such a case, when it can be distinctly shown what the labor was worth, to an amount not exceeding the price agreed upon for the entire contract. The Pub. Sts. c. 191, § 6, require to sustain a lien that the party claiming the lien shall file a statement of a just and true account of the amount due him, and that " if the lien is claimed only for labor performed or furnished under an entire contract, which includes both labor and material under an entire price, the contract price, the number of days' labor performed or furnished, and the value of the same, shall be also stated." The purpose of the statute is obvious. The amount due is the contract price. There is no lien for that because it includes materials. There is nothing due, and no price fixed for the labor distinct from the materials, and there would be no lien for the value of it, but for the special provision of the statute giving it. *Clark* v. *Kingsley*, 8 Allen, 543. *Graves* v. *Bemis*, 8 Allen, 573. The statute gives a lien for the value of the labor, if it can be shown, not exceeding the amount unpaid of the contract price, on condition that the party files a statement showing the entire contract price and all just credits, that is, the amount remaining due upon the contract, and the value of the labor performed. If the value of the labor does not exceed the amount due of the contract price, the lien is for the full value; if it exceeds the amount remaining due on the contract, it is for that amount. *Casey* v. *Weaver*, 141 Mass. 280. In order to show what the amount of the lien is, the statement must show the amount due on the contract and the value of the labor.

The statement in this case purports to give credit for pay-

ments made on the contract, and the number of days' labor furnished, and the value of the same, and it must be taken to be sufficient in these particulars; but it fails to give the contract price, and therefore leaves out an essential element in fixing the amount of the lien, and one which the statute expressly requires shall be given. The contract price intended by the statute is the entire price to be paid by the contract, not the price of one item of it. If the number of squares or of perches had been given, the statement might have been sufficient, as containing the data from which the price might have been found by com putation; but the statement of the amount to be paid for each square and perch, without more, is not a statement of the contract price, in the meaning of the statute. It is not enough that the entire price can be made certain by evidence; the statute requires it to be shown by the statement.

The petitioner contends that the prices of the excavation and of the stone-work are distinct, and that it will be presumed that no materials, but only labor, were used in the excavation, and that there was a lien for the price of the labor furnished in excavation alone. But no certificate has been filed for such a lien. The account is not for the price of labor per square excavated, but for days' labor at a stated sum per day, and does not distinguish between the labor furnished in excavation and that in stone-work. The statement is clearly insufficient as a claim for a lien for labor furnished in excavating. The court correctly ruled that the statement was insufficient in law to sustain any claim for a lien.

*Exceptions overruled.*

*J. M. B. Churchill*, for the petitioner.

*R. Lund & M. J. Creed*, for the respondent.