DANIEL W. ELLINWOOD *vs.* CITY OF WORCESTER.

Worcester. September 28, 1891. — November 12, 1891.,

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Mechanic's Lien for Labor — Statement in Registry of Deeds.*

A statement filed in the registry of deeds under the Pub. Sts. c. 191, § 6, by one claiming a mechanic's lien for labor alone under an express contract to furnish both labor and material at an entire price, is insufficient, if no attempt is made therein to give the whole number of days of labor further than to set forth, after a recital of a large portion of it in hours, that the remainder was done partly between certain dates and partly in the last part of a certain month.

PETITION, under the Pub. Sts. c. 191, to enforce a mechanic's lien. At the trial in the Superior Court, without a jury, before *Aldrich,* J., it was admitted that a sub-contract to do mason-work and furnish labor and material, entered into by the petitioner with a contractor with the defendant city to build a schoolhouse, was an entire contract for the entire price of over $13,000; and that a balance of $794.50, claimed by the petitioner for labor only, was still due him, and was less in amount than the value of the labor performed or furnished by him in carrying out his sub-contract. The only question was whether the statement filed by the petitioner in the registry of deeds respecting the labor performed by him was sufficient. This statement, after stating the nature of the contract and the entire amount due under the same, with sundry credits, and disclosing the balance due him of $794.50, contained the following:

" The sum of $5,223$\frac{19}{100}$, is the worth of the labor performed and furnished, as per the schedule of items hereto annexed :

" To labor by the following men, between September 2d, 1889, and May 1st, 1890.

" Hunt, 11 hours, @ 38$\frac{8}{9}$ per h. $4.27. [Here followed many similar items, amounting with the first item to $4,048.19.]

" Labor of myself, between Sept. 1st, 1889, and May 1st, 1890,            900.00

" Labor laying 1100 yds. concreting, @ 25c. pr. yard, in the last part of August, 1890, and ending August 30th, 1890,          275.00

                $5,223.19 "

The petitioner asked the judge to rule that the recital in the statement, filed by the petitioner in the registry of deeds, of the item of labor performed or furnished by him, although stated in hours instead of days, was a sufficient compliance with the requirements of § 6 of the Pub. Sts. c. 191, which requires that "the number of days of labor performed or furnished, and the value of the same, shall also be stated." The judge refused so to rule, but ruled that the statement was insufficient in not giving the number of days of labor performed or furnished, and in giving the time of a portion of the labor in hours, and of another portion of the labor no item either in hours or days, and that the petitioner's lien was not established; and found for the respondent. The petitioner alleged exceptions.

*M. M. Taylor*, for the petitioner.

*T. G. Kent,* (*F. P. Goulding* with him,) for the respondent.

KNOWLTON, J. Prior to the passage of the St. of 1872, c. 318, under an entire contract to furnish both labor and materials in the erection of a building on real estate, to be paid for at an entire price, no lien attached for the labor unless a lien was also secured for the materials before furnishing them by giving notice in writing to the owner, if the owner was not the purchaser, that the contractor intended to claim a lien for materials. Pub. Sts. c. 191, § 3. *Felton* v. *Minot,* 7 Allen, 412.

The St. of 1872, c. 318, § 1, (Pub. Sts. c. 191, § 2,) provides that under such a contract a lien for the labor may be "enforced, if .it can be distinctly shown what such labor was worth, but in no case shall such lien be enforced for a sum greater than the price agreed upon for the entire contract." For the protection of all persons interested in the estate, the statement to be filed in such a case must set forth, in addition to the other particulars mentioned in the preceding statutes, "the entire price for the entire contract, the number of days of labor performed or furnished, and the value of the same." St. 1872, c. 318, § 2. Pub. Sts. c. 191, § 6. The filing of a statement containing these particulars within the time prescribed is a condition precedent to the enforcement of the lien. The obvious purpose of the statute is to enable the owner and others interested in the property to ascertain from the record the particulars of the claim, and whether it is of such a kind that it can probably be enforced against the land, and if so, for what amount.

The contract price, the number of the days of labor, and the value of the labor, are important elements entering into this question. These must be stated as required by the statute, or there is no lien. Pub. Sts. c. 191, § 8. A mere "inaccuracy in stating the amount due for labor or materials," if the result of mistake, will not defeat the lien. This was a provision of the General Statutes, and the subsequent St. of 1872, c. 318, makes new requirements in regard to the statement. This section can have no greater effect in its application to these requirements than to relieve the petitioner from the effect of mistakes in giving the number of days of labor or the value of it. It does not nullify the provision of the later statute, which requires the number of days of labor and the value of it to be given, as well as the contract price, and does not apply to a case where there is an entire omission to give them.

In *Hurley* v. *Lally*, 151 Mass. 129, it was decided that a statement under the statute which did not contain the contract price was fatally defective, and the principle which governs that case is decisive of this also. The exceptions show that all the labor and materials were furnished under an express contract, for an entire price; and, while the statement sets forth a large amount of labor by the number of hours occupied in performing it and the price per hour, it contains one item as follows: "Labor of myself between September 1, 1889, and May 1, 1890, $900," without anything to indicate the number of days for which claim is made. The next item, "Labor laying 1100 yards concreting at 25 cents per yard in the last part of August, 1890, and ending August 30, 1890, $275.00," is equally defective. There was obviously no attempt to give the whole number of days of labor done under the contract, and this non-compliance with the requirements of the statute makes it unnecessary to inquire whether the remaining part of the statement which states the time in hours alone is sufficient.

*Exceptions overruled.*