CHARLES MOORE & another *vs.* ERIC A. ERICKSON.

Middlesex.   November 16, 1892. — January 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Mechanic's Lien — Entire Contract for Labor and Materials — Lien on Land for Labor.*

B. made a written contract with C. to furnish labor and materials for the construction of a house on B.'s land.   A. made an oral contract with C. to furnish all the labor and materials in plumbing the house for an entire sum.   Shortly after A. commenced work C. failed, and A. and C. mutually rescinded their contract.   A. offered to complete the contract at the expense of B., but B. refused.   No notice in writing was given by A. to B., according to the Pub. Sts. c. 191, § 3.   *Held,* that, as the labor was performed and furnished under an entire contract for an entire price, and as A. had not lost his right to recover against C. by reason of the failure to complete the contract, and as this labor had been a benefit to B. and as the Pub. Sts. c. 191, § 2, permit the labor to be separated from the materials for the purpose of enforcing a lien, A. might enforce a lien against B.'s land for what the labor was reasonably worth, not exceeding the entire price agreed upon in the contract after deducting any damages suffered by B. from the non-completion of the contract.

PETITION under Pub. Sts. c. 191, to enforce a mechanic's lien.   The case was submitted to the Superior Court, and, after judgment for the respondent, to this court, on appeal, on agreed facts, the material portions of which are stated in the opinion.

*W. B. Durant,* (*J. E. Farnham* with him,) for the petitioners.
*W. B. French,* for the respondent.

FIELD, C. J.   The agreed facts show that the petitioners would have been entitled to enforce a lien for the labor performed under their entire contract with McArthur, pursuant to Pub. Sts. c. 191, § 2, if they had completed the contract.   The only question is whether they have lost the lien by not completing the contract under the circumstances stated.   It appears that McArthur, who, as contractor with the respondent, made the contract with the petitioners, failed, and told them that he could not pay them, and that they must look " to their lien on the house for their pay," whereupon the petitioners and McArthur " mutually rescinded their contract."   At this time the petitioners " had not put in two hot-water boilers and several faucets, and some other minor materials, which, under their

contract, they were obliged to furnish," but "after the said McArthur became insolvent, and that fact being known to the respondent, the petitioners offered to complete the contract at the expense of the respondent, but the latter refused." As the contract was rescinded by the contracting parties, there could be no action on the contract, but the petitioners on the facts stated, could have maintained an action against McArthur for what the labor performed and the materials furnished by them were reasonably worth. *Fitzgerald* v. *Allen*, 128 Mass. 232. The petitioners made no contract with the respondent, but it must be taken under our decisions that their contract with McArthur was made by the consent of the respondent, within the meaning of Pub. Sts. c. 191, § 1.

No lien could attach for the materials furnished by the petitioners, because they gave no notice in writing in accordance with the provisions of Pub. Sts. c. 191, § 3 ; but the second section permits a lien for the labor, provided that "in no case shall such lien be enforced for a sum greater than the price agreed upon for the entire contract." This last mentioned section makes an entire contract for labor and materials separable for the purpose of enforcing a lien against the owner of the land for the labor. It is applicable only to labor performed or furnished under an entire contract for an entire price, but it is not required in this section that the contract shall be completely performed. If the petitioners have been prevented from performing the contract by the other party to it, without fault on their part, they do not lose their right of action against that party ; and we think that it was not the intention of the statute that they should lose their lien on the land for the labor. The respondent is protected if the petitioners cannot recover in any event against the land more than the entire contract price, after deducting from that price all damages suffered by him by reason of their failure to complete the contract. *Gogin* v. *Walsh*, 124 Mass. 516, was decided on the ground that the statement of account which was filed was not in accordance with St. 1872, c. 318, § 2. *Smith* v. *Norris*, 120 Mass. 58, closely resembles the case at bar, although the contract was for labor only, and whether Pub. Sts. c. 191, § 2, apply to such a contract or not, the same rule should apply to the labor per-

formed or furnished under an entire contract for labor and materials, as to labor performed or furnished under an entire contract for labor only.    See also *McCue* v. *Whitwell*, 156 Mass. 205.

We are therefore of opinion that, as the labor was performed and furnished under an entire contract for an entire price, and as the petitioners have not lost their right to recover against McArthur by reason of their failure to complete their contract, and as this labor has been a benefit to the respondent, and as the statute permits the labor to be separated from the materials for the purpose of enforcing a lien, the petitioners may enforce a lien against the respondent's land for what the labor was reasonably worth, not exceeding the entire price agreed upon in the contract, after deducting from that price any damages suffered by the respondent from the non-completion of the contract.    The statement of account filed in the registry of deeds shows the number of days of labor performed or furnished, and the price per day, and the amount claimed is in all sixty-six dollars, and it is agreed that the account is correct, and that the prices are fair and reasonable.    It appears also in the agreed facts that " the petitioners furnished materials for said house to the amount of one hundred and fifty dollars, according to contract, and have not been paid anything on account of said contract."    The entire contract price was two hundred and seventy-five dollars.    It is apparent, we think, that it was the intention of the parties that, if the petitioners are entitled to judgment, it should be for sixty-six dollars.    The judgment entered for the respondent is reversed, and judgment should be entered for the petitioners for the sum of sixty-six dollars, with interest from the date of the petition.

*So ordered.*