*   FREDERICK L. PIERCE & another *vs.* F. ELLIOT CABOT,
& others.

Norfolk.   March 9, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.·

*Mechanic's Lien — Statement of Account — Entire Contract — Insolvency of
Contractor — Statute.*

A petition to enforce a lien for labor furnished under an entire contract made with
a contractor, employed by the respondents, for labor and materials to be fur-
nished at an entire price, may be maintained although the petitioners are pre-
vented from completing their contract by the failure of the contractor to pay
them as he agreed.

A statement of account, filed in the registry of deeds, as required by Pub. Sts.
c. 191, § 6, to enforce a lien for labor furnished under an entire contract for
labor and materials to be furnished at an entire price, did not contain the entire
contract price.   *Held,* that this was a fatal defect.

The St. 1892, c. 191, relating to liens on buildings and land, is not applicable to
statements filed before it went into effect.

PETITION, under Pub. Sts. c. 191, to enforce a mechanic's lien.
Trial in the Superior Court, before *Thompson,* J., who found for
the respondents.   Both the petitioners and the respondents al-
leged exceptions, but those of the former only are now material.
The facts appear in the opinion.

*N. F. Hesseltine,* for the petitioners.

*E. T. Cabot & A. Lyman,* for the respondents Cabot and Cun-
ningham.

*J. M. B. Churchill,* for the debtor, Morton.

FIELD, C. J.   If the petitioners' exceptions are overruled, the
respondents' exceptions need not be considered.   This is an
attempt to enforce a lien for labor furnished under an entire
contract for labor and materials to be furnished at an entire
price.   The petitioners were prevented from completing the con-
tract by the failure of Frank M. Morton, with whom they made
the contract, and who was employed by the respondents Cabot
and Cunningham.   It does not appear that any notice was given
to the respondents that the petitioners would claim a lien for
materials, and the petition is to enforce a lien for labor only.

The fact that the petitioners were prevented from completing the contract by the failure of Morton to pay them as he agreed, does not show that the petition cannot be maintained. *Moore* v. *Erickson*, 158 Mass. 71. The objection is that the statement filed in the registry of deeds did not contain the contract price. Pub. Sts. c. 191, § 6. We think that this is fatal, unless the defect is cured by St. 1892, c. 191. The statement was filed September 11, 1891, and the petition was filed in court November 2, 1891. The St. 1892, c. 191, was approved April 22, 1892, and went into effect on the thirtieth day thereafter. Pub. Sts. c. 3, § 1. Unless, therefore, the statute was intended to apply to contracts performed, statements filed, and petitions brought before its passage, the statute has no effect upon the present suit. We think that the statute cannot be held to be applicable to statements filed before it went into effect. In *Shallow* v. *Salem*, 136 Mass. 136, the court say: " That certain statutes retrospective in their operation may be passed, when of a remedial character, is not controverted; but the general rule applicable to all statutes is that they are to have a prospective operation only, unless it is otherwise distinctly expressed in them, or clearly implied from the necessity of thus giving effect to their provisions." See *Bucher* v. *Fitchburg Railroad*, 131 Mass. 156 ; *Lynch* v. *Cronan*, 6 Gray, 531.          *Exceptions overruled.*