ALLEN D. FRENCH *vs.* LOUISIANA W. HUSSEY.

Middlesex. March 13, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Mechanic's Lien — Apportionment of Value of Materials — Omission of entire Contract Price.*

Under Gen. Sts. c. 150, §§ 1 and 2, if labor was performed or furnished, and materials were furnished, to a person not the owner of the property under an entire contract for an entire price, and no notice was given to the owner before furnishing the materials of an intention to claim a lien, there was no lien for either labor or materials.

Under St. 1872, c. 318, now Pub. Sts. c. 191, § 2, passed for the purpose of giving a lien for labor performed or furnished, where labor was performed and furnished and materials were furnished to a person not the owner of the property under an entire contract for an entire price, and no notice had been given to the owner before furnishing the materials of an intention to claim a lien, the notice must be given before any of the materials are furnished under the contract, and if some are furnished before and some after the notice, the statute provides for no apportionment of the value, and no mode for ascertaining the price to be charged for the materials furnished after the notice.

When labor and materials are furnished for an entire contract price, and the contract is fully performed, and a lien is claimed for the labor only, the statement must contain the entire contract price, and a statement ignoring the contract altogether, and giving merely the number of days' labor and the materials furnished with the prices for each as if there had been no entire contract price, is insufficient as the basis of a lien.

PETITION to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor and materials furnished in the erection of a house in Waltham. Trial in the Superior Court, without a jury, before *Richardson,* J., who found for the respondent, and at the request of the petitioner, and with the consent of the respondent, reported the case for the determination of this court, in substance as follows.

In the autumn of 1890, the petitioner contracted with one Preble, who was the duly authorized agent of the respondent, to furnish labor and materials in the erection of a building upon land of the respondent for the entire contract price of two hundred and eighty-five dollars. After a portion of the materials had been furnished, the petitioner, on September 26, 1890, gave notice in writing to the respondent of an intention to claim a

lien for the materials thereafter to be furnished by him in the erection of the house on her land. After the service of the notice upon the respondent, the petitioner, at the request of .Preble, furnished and put up conductor pipes in the house of the respondent, at an additional entire contract price of eight dollars and ten cents. The value of the materials furnished under the first contract before the service of the notice was $24.25, and the value of those afterward furnished was $210.02, while the labor performed and furnished thereunder was worth, in all, $127.50. How much of the labor was performed or furnished before the service of the notice, and how much after, did not appear. The contracts were fully completed and performed, and the petitioner ceased to labor on the building of the respondent on October 18, 1890, and within thirty days thereafter he filed in the registry of deeds a statement of account, in which a lien was claimed for the labor performed under the first contract, and for the materials furnished thereunder subsequent to the service of the notice, amounting to $337.46, and also for the entire value of the conductor pipes furnished under the second contract, amounting to $8.10. The judge further found that the petitioner did not wilfully and knowingly claim more than was due him, and that by his statement he had no intention to mislead.

On the above facts the judge ruled:

" 1. That the materials furnished under the first named contract cannot be apportioned so that a lien can be enforced for a part of the said materials, and as notice of an intention to claim a lien for materials was served after some of the materials were furnished, a lien cannot be enforced for any of the materials furnished under said contract.

" 2. That the said statement filed in the registry of deeds is insufficient as far as it applies to the first contract, in that it fails to state the entire contract price, and no lien can be enforced for the labor performed under said contract.

" 3. That a lien should be established to secure the payment of $8.10, and the property be sold, and the proceeds applied to the discharge of said claim."

If the rulings were correct, a decree was to be entered in accordance therewith; if the petitioner could maintain a lien for the materials furnished under the first contract after the

service of the notice, and for the labor also, a lien should be established for $268.85 ; and if no lien could be maintained for the materials so furnished, a lien was to be established for $135.60.

*G. L. Mayberry & C. F. French,* for the petitioner.

*B. B. Johnson & J. L. Harvey,* for the respondent.

FIELD, C. J.    Under Gen. Sts. c. 150, §§ 1 and 2, if labor was performed or furnished, and materials were furnished, to a person not the owner of the property, under an entire contract for an entire price, and no notice was given to the owner before furnishing the materials of an intention to claim a lien, there was no lien for either labor or materials. *Morrison* v. *Minot,* 5 Allen, 403.  The St. 1872, c. 318, was passed for the purpose of giving a lien for the labor performed or furnished in the case above stated, provided it could be distinctly shown what such labor was worth, the lien in no event to exceed the price agreed upon for the entire contract.    This is now Pub. Sts. c. 191, § 2.    But no statute has been passed permitting a lien for the materials in the case above stated, unless notice of an intention to claim a lien is given to the owner of the property before the materials are furnished.    The statute must mean that the notice must be given before any of the materials are furnished under the contract. If some are furnished before, and some after, the statute provides for no apportionment of the value, and no mode for ascertaining the price to be charged for the materials furnished after the notice.    The first ruling was therefore correct.

In the present case the statement filed in the registry of deeds does not state any entire contract price, but it is a statement of a certain number of days' labor and of certain materials furnished, with the prices for each as if there had been no entire contract price.    It apparently includes everything that was furnished, both under the first and second contracts, and the whole amount claimed is $345.56, while the price agreed upon in the first contract is $285, and in the second $8.10.    When labor and materials are furnished for an entire contract price, and the contract is fully performed, and a lien is claimed for both, the statement, if true, must necessarily contain the contract price ; if a lien is claimed for the labor only, the statute expressly requires that the contract price should be stated.    Pub. Sts. c. 191,

§ 6.  The reason is, that for labor furnished under a contract for an entire price the amount of the lien can never exceed the contract price.  As the petitioner had no lien for materials furnished under the first contract, he should have filed a statement for labor only, and in it should have stated the contract price, etc.  We think that this provision of the statute cannot be evaded by ignoring the contract altogether, and filing a statement as if the labor and materials had not been furnished under a contract for an entire price.  Such a statement is insufficient as the basis of a lien when the labor is furnished under a contract for labor and materials at an entire price.  The St. 1892, c. 191, was passed long after the statement in this case was filed, and after the petition was brought, and is therefore inapplicable. *Pierce* v. *Cabot, ante,* 202.  *Moore* v. *Erickson,* 158 Mass. 71. *Ellinwood* v. *Worcester,* 154 Mass. 590.  *Hurley* v. *Lally,* 151 Mass. 129.  *Gogin* v. *Walsh,* 124 Mass. 516.

Whether a lien should be established for $8.10 for labor and materials furnished under the second entire contract may depend upon facts which are not stated in the report, and the form of the notice given to the respondent might be important.  The case was reported at the request of the petitioner, and although the respondent consented, yet we infer that he did not request a report or except to the ruling of the court.  From the conclusion of the report, we infer that it was not the intention of the justice that the correctness of his finding for the petitioner for $8.10 should be reviewed by this court.  A decree is to be entered in accordance with the finding of the Superior Court.

*So ordered.*