WHITMELL T. TALIAFERRO, PLAINTIFF IN ERROR, v.
ALBERT W. STEVENSON AND WYLIE E. CLARK, DE-
FENDANTS IN ERROR.

The plaintiffs became entitled to a lien on a house and curtilege for
materials furnished to the builders and used in the construction of
the house; afterwards, in order to secure the plaintiffs for the price
of these materials and for other debts, the builders assigned to them
all their rights under the contract between the builders and the owner
for the erection of the house, and under other contracts, to hold until
the debts were paid. *Held*, that by accepting the assignment, the
plaintiffs had not lost or impaired their lien for materials.

On error to the Essex Circuit Court.

For the plaintiff in error, *Frederick T. Johnson* and *Mr.
Taliaferro* (of New York).

For the defendants in error, *Howard W. Hayes.*

The opinion of the court was delivered by

DIXON, J. The plaintiffs, Stevenson and Clark, brought
suit against Meeker & Vausney, as builders, and Taliaferro,
as owner, to enforce a lien for a debt owed to them by the
builders for materials used by the builders in erecting a house
under a contract between the builders and the owner. On
the trial in the Essex Circuit it appeared that, after the debt
had become due and while the house was still unfinished, the
builders, being indebted to the plaintiffs in the sum of $2,000,

and wishing to secure the payment thereof, assigned to the plaintiffs *all their rights* under said contract and other contracts, *and all moneys due and to grow due thereon, to have and to hold the same until out of the same the said sum of $2,000 should be paid in full.* The owner thereupon contended that the acceptance of this assignment precluded the plaintiffs from enforcing their lien. The validity of this contention is the matter for our determination.

Evidently, the indebtedness from the builders to the plaintiffs is in no way affected by the assignment. According to the terms of the instrument, it merely gave to the plaintiffs collateral security for the payment of the debt, without barring or suspending the right of action upon it.

But the owner insists that the acceptance of the assignment put the plaintiffs in the position of the builders with regard to the contract assigned, and thus bound them to finish the house for the contract price, and save the owner from all building liens outside of that price.

The language of the assignment, however, affords no ground for holding that the *obligations* of the assignors were transferred to the assignees. It assigns merely the *rights* of the assignors. Although those rights might not become valuable until certain obligations imposed by the contract were discharged, yet it by no means follows that the parties acquiring the rights were personally charged with the performance of the obligations. Such a charge would arise only when the assignees had agreed to assume the duties of the assignors. In the cases of *Jones* v. *Foster*, 67 *Wis.* 296; *Whitney* v. *Joslin,* 108 *Mass.* 103, and *Abbott* v. *Nash*, 35 *Minn.* 451, upon which the plaintiff in error relies, the assignee had so agreed, either by the terms of the assignment itself or by subsequent arrangement with the owner. But in the absence of such an assumption by the assignee, the duties of the assignor remain incumbent on himself alone, notwithstanding the transfer of his rights. *Devlin* v. *The Mayor, &c.*, 63 *N. Y.* 8.

This position of the plaintiff in error is therefore untenable.

He further contends that the lien which the assignees, on performance of the contract, would have for the purpose of enforcing payment of the moneys accruing under the contract, would be inconsistent with the lien which they now seek to establish, and that, as they cannot be entitled to two inconsistent liens, the present lien must be defeated.

In this argument the superior right is made to give place to the inferior.

The only inconsistency there is between these two liens lies in the fact that the existence of the lien now prosecuted would suspend, and its enforcement would defeat, *pro tanto,* any lien for moneys earned by the builders under the contract, for the contract requires that, before such moneys be claimed, all other liens shall be extinguished. But no rights accruing to the builders under the contract can impair the plaintiffs' lien for their materials. So far, therefore, as inconsistency exists, it works detriment only to the lien which the builders might set up on the contract. There is no reason for holding that it at all affects the present claim.

The judgment of the Circuit Court in favor of the plaintiff was lawful, and is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH. 12.

*For reversal*—None.