DANIEL A. SWAN, executor, *vs.* LILLIAN H. SAYLES & another.

Middlesex.    December 9, 1895. — January 4, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Statute — Revocation of Will by Marriage.*

The St. 1892, c. 118, entitled " An Act relative to the revocation of a will on the
marriage of the testator," does not operate upon marriages which took place
before the statute took effect, and the fact that the statute was approved on
March 31, 1892, but was not to take effect until July 1, 1892, does not affect the
construction to be given to it.

APPEAL, by Lillian H. Sayles, the widow, and Helen Royal,
one of the heirs at law of Albert W. Sayles, from a decree of the
Probate Court admitting to probate two instruments purporting
to be the last will and testament and the codicil thereto of the
said Albert W. Sayles.   The case was heard by *Barker,* J., who
entered a decree affirming the decree of the Probate Court, and,
at the request of the appellants, reported the case for the deter-
mination of the full court.   The facts appear in the opinion.

*F. W. Qua,* (*F. A. Fisher* with him,) for Helen Royal.

*L. T. Trull & F. N. Wier,* for certain charitable institutions,
submitted the case on a brief.

*C. H. McIntire,* for the executor.

FIELD, C. J.    Albert W. Sayles died on October 9, 1894, leav-
ing a will duly executed on April 29, 1891, and a codicil duly
executed on February 27, 1892.   He was married to Lillian H.
Sayles on March 10, 1892, and she survives him as his widow.
No issue was born of this marriage.   It does not appear from
the will or codicil that either was made in contemplation of the
marriage.   The question is whether these instruments were re-
voked by the marriage, in consequence of St. 1892, c. 118.   The
rule of law on this subject before this statute took effect is stated
in *Swan* v. *Hammond,* 138 Mass. 45.   The statute took effect on
July 1, 1892.   It is apparent that the will and codicil were not
immediately revoked by the marriage, because by the law as it
was at that time marriage did not revoke the will of a man, and
the statute was not then in existence.   Did the statute of its

own force, when it took effect, revoke the will and codicil? It is said that wills are ambulatory, and are revocable at any time before the death of the testator; and it is true that a person may revoke his will at any time before his death, and that a statute revoking wills at any time before the death of the testator for any cause probably would be within the constitutional power of the General Court. The sole inquiry is, What is the intention of the statute? The general rule is, that statutes are to be construed as prospective in their operation. *Shallow* v. *Salem,* 136 Mass. 136. *Commonwealth* v. *Hayes,* 149 Mass. 32. *Pierce* v. *Cabot,* 159 Mass. 202. *French* v. *Hussey,* 159 Mass. 206. In Illinois and Connecticut the courts have construed statutes similar to this of ours as operative only when the marriage took place after the statutes took effect. *In re Tuller,* 79 Ill. 99. *Goodsell's appeal,* 55 Conn. 171. Such, we think, should be the construction given to St. 1892, c. 118. The fact that the statute was approved on March 31, 1892, but was not to take effect until July 1, 1892, does not, in our opinion, affect the construction to be given to it. If the intention had been to make the statute operative in cases where the marriage took place before the statute took effect, if the testator died after that time, there was no difficulty in saying so in plain words.          *Decree affirmed.*