CHESTER MARR & another *vs.* WASHBURN AND MOEN MANUFACTURING COMPANY.

Worcester.    September 30, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Trust Agreement for Benefit of Creditors — Effect of Assent by Prior Attaching Creditor — Evidence — Maladministration of Trust.*

A., who has attached property of his debtor, by signing his assent to an agreement which involves a conveyance by the debtor of all his property to trustees to be used in paying his debts, and which contemplates the payment of A.'s debt in a manner inconsistent with the further prosecution of the action for the collection of it, impliedly agrees that the attachment shall be discharged.

Oral evidence of what occurred between the attorney of a creditor and the trustee, previously to the signing by the attorney of an agreement involving the conveyance in trust by a debtor of his property for the benefit of his creditors, is not competent to change the legal effect of the agreement.

If an agreement involving the conveyance by a debtor of his property in trust for the benefit of his creditors is executed, a failure to administer the trust according to its terms does not relieve a creditor from the effect of his action in assenting to the agreement and waiving a prior attachment of the debtor's property.

BILL IN EQUITY, filed in the Superior Court on August 7, 1891, by Chester Marr and Frank W. Forbes, to remove a cloud upon the title to certain real estate in Westborough, conveyed, with other property, by the M. V. Livingston Cycle Manufacturing Company to the plaintiffs, as trustees, for the benefit of the creditors of the corporation; such cloud consisting of an attachment made by the present defendant in an action against the corporation pending prior to the conveyance.   A supple-

mental bill was allowed to be filed on March 13, 1895, by Arthur R. Marten and Frederick Goddard, who had acquired the title and interest of the original plaintiffs. The case was referred to a master, who found that the plaintiffs were entitled to the relief prayed for. Hearing before *Maynard*, J., who entered a decree, ordering the defendant to execute to the plaintiffs a discharge of the attachment; and the defendant appealed to this court. The facts appear in the opinion.

*C. M. Rice*, (*H. W. King* with him,) for the defendant.

*T. H. Gage, Jr.*, for the plaintiffs.

KNOWLTON, J. The real estate to which this suit relates is a part of the property conveyed by the Livingston Cycle Manufacturing Company to the original plaintiffs as trustees, for the benefit of its creditors and stockholders under the agreement of April 10, 1891. The attachment in favor of the defendant shown upon the records is a cloud upon the plaintiffs' title, and there is jurisdiction in equity to remove this encumbrance if the property held by the plaintiffs should be freed from it. *Clouston* v. *Shearer*, 99 Mass. 209. *Smith* v. *Smith*, 150 Mass. 73. The plaintiffs in the supplemental bill are successors in title to the original plaintiffs, holding under a deed from them as trustees, and also under a deed from the assignee in insolvency of the Livingston Cycle Company. Their title gives them all the rights that the original plaintiffs had as holders of the title before the commencement of the proceedings in insolvency. When the conveyance in trust was made by the corporation to the original plaintiffs, an agreement in writing was prepared, which was signed by the corporation, by Brigham, Moore, Burton, and Forbes, who contracted to furnish money to the trustees for use in the business, and by Marr and Forbes as trustees, in acceptance of the trust. Numerous creditors of the corporation also signed an agreement of assent to the contract and trust, among whom was the defendant, acting by its attorneys. At the time of signing, the defendant had an attachment upon the property of the corporation in a pending suit brought to recover a debt. The principal question in the case is whether the defendant, by signing its assent to this agreement, which involved a conveyance by the corporation of all its property to trustees to be used in paying its debts, and which contemplated

the payment of the defendant's debt in a manner inconsistent with the further prosecution of the suit for the collection of it, impliedly agreed that the attachment should no longer be in force. We are of opinion that this question must be answered in the affirmative. Under the arrangement made with the trustees, thirty thousand dollars was to be furnished by Brigham, Moore, Burton, and Forbes, to enable the trustees to finish fifteen hundred bicycles ready for sale, and to obtain the means of paying the corporation's debts; and all the property of the corporation was to be held and used by the trustees until all the debts were paid. The assent of the defendant was in effect an agreement that it would hold its debt to be paid in this way, and that it would not prosecute its suit or continue its attachment with a view to the collection of the debt through the proceeding in court. It was offered an opportunity of having the benefit of this contract for an advancement of money, which, it was expected, would result in an early payment of the debts, and if it accepted the offer it could not longer hold its attachment upon the property. By the terms of the agreement, this property was to be conveyed to the trustees for use in a manner inconsistent with the retention by the defendant of its lien under the attachment. The case in many of its facts is like *Jones* v. *Tilton*, 139 Mass. 418, which is an authority fully covering this question. The principle involved is familiar. One who consents to a conveyance and disposition of property according to the terms of an assignment made for a valuable consideration, thereby waives any right that he previously had to appropriate the property to a different use. *Chafee* v. *Fourth National Bank*, 71 Maine, 514. *Hawley* v. *Mancius*, 7 Johns. Ch. 174. *Pratt* v. *Adams*, 7 Paige, 615, 641. *Moale* v. *Buchanan*, 11 Gill & J. 314. *Frierson* v. *Branch*, 30 Ark. 453. *Hatchett* v. *Blanton*, 72 Ala. 423. *Harrison* v. *Winston*, 2 Tenn. Ch. 544. See also *Bull* v. *Loveland*, 10 Pick. 9; *Green* v. *Fox*, 7 Allen, 85; *Whitney* v. *Joslin*, 108 Mass. 103.

The master rightly held that the parol evidence introduced by the defendant of what occurred between its attorneys and Forbes previously to the signing of the paper by its attorneys was not competent to change the legal effect of the agreement in writing. *Ward* v. *Lewis*, 4 Pick. 518, 520. *Dix* v. *Otis*, 5

Pick. 38. *American Bank* v. *Doolittle,* 14 Pick. 123. *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449. *Martin* v. *Taylor,* 52 Ark. 389. Upon competent and sufficient evidence the master found that the paper with the defendant's signature was delivered, and the cases which hold that parol evidence may be introduced to show that a paper, signed and left in the hands of the contractee or of a third person, was not delivered to take effect as a contract, are not applicable. See *Watkins* v. *Bowers,* 119 Mass. 383; *Wilson* v. *Powers,* 131 Mass. 539. The undisclosed intention of the defendant in regard to giving up or retaining its attachment was immaterial, inasmuch as it signed the paper with a view to the action of others upon the faith of its signature, and such action was taken.

The master was right in his conclusion that the failure to administer the trust according to its terms did not relieve the defendant from the effect of its action in assenting to the agreement and waiving its attachment. The conveyance was made, important action was taken under it, other persons acquired rights which were founded in part upon the defendant's consent to the conveyance, and it would be unjust to it, as well as to the trustees, to permit the defendant to be restored to the position of a prior attaching creditor, because of the maladministration or abandonment of the trust. Like other creditors similarly affected, it must find its remedy for such wrongs in proceedings of a different kind.

The views already expressed cover all the questions that are material to the decision.

*Decree affirmed.*