WILLIAM THOMPSON *vs.* FRANCESCO LUCIANO & another.

Norfolk.   November 20, 1911. — February 29, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Mechanic's Lien,* Statement, Application of payment on account. *Words,* " Work."

At the trial of a petition to enforce a mechanic's lien for labor performed under an entire contract in writing for labor and materials, it appeared that no sufficient statement of the contract price had been included in the statement filed in the registry of deeds in accordance with R. L. c. 197, § 6. The trial judge refused to give a ruling asked for by the respondent that the statement was insufficient as matter of law to support the petition. The jury answered the issues in favor of the petitioner and the judge without reporting the evidence reported the case to this court for determination. *Held,* that on the record it must be presumed that the findings of the jury were made in accordance with correct instructions and upon evidence adequate to bring the case within the provision of the statute, that such a statement shall not be invalid for failing to state the contract price if it is shown that there was no intention to mislead and that the parties were not in fact misled thereby.

One who was engaged in building chimneys for the owner of a building under an entire contract for labor and materials, received from the owner $500 and gave him a receipt "on account of . . . contract for mason work." Subsequently he filed a petition to enforce a mechanic's lien for a balance due him for labor under the contract, at the trial of which the owner asked for a ruling that the language of the receipt was conclusive evidence that the $500 was to be applied to the labor account. *Held,* that the ruling could not be given, because the word "work" did not necessarily mean " labor."

PETITION; filed December 16, 1907, to enforce a mechanic's lien for labor performed and furnished for the respondents under an

entire contract in writing for knocking down a stack and building four sixteen-inch chimneys.

The case was tried before *Sherman, J.,* upon issues agreed upon by the parties, on each of which the jury found for the petitioner. At the request of the respondents the judge reported the case for determination by this court.

*J. E. Crowley,* for the respondents.

*J. D. Mackay,* for the petitioner.

RUGG, C. J. This is a petition to enforce a mechanic's lien for labor performed under an entire written contract for labor and material. There was no sufficient statement of the contract price included in that which was filed in the registry of deeds. *Hurley* v. *Lally,* 151 Mass. 129. *Gogin* v. *Walsh,* 124 Mass. 516. Since these cases were decided, St. 1892, c. 191, now R. L. c. 197, § 6, has been enacted, which provides that "The statement shall not be invalid or insufficient solely by reason of an inaccuracy in stating or failing to state the contract price, . . . if it is shown that there was no intention to mislead and that the parties entitled to notice of the statement were not in fact misled thereby." It is plain, in view of this statute, that the request for a ruling to the effect that the statement was insufficient as matter of law to support a petition to enforce the lien was refused rightly. *Devine* v. *Clark,* 198 Mass. 56. *Brown* v. *Haddock,* 199 Mass. 480, 485. *Borden* v. *Mercer,* 163 Mass. 7. The evidence is not reported, and the findings of the jury in favor of the contentions of the petitioner must be presumed to have been reached in accordance with correct instructions upon evidence adequate to meet these terms of the statute.

The petitioner received from the respondents $500, and gave a receipt therefor "on account of . . . contract for mason work." The request for a ruling that this language of the written "receipt was conclusive evidence that the $500 was to be applied to the labor account" could not have been given properly. Work is used frequently in the sense of an undertaking, enterprise or project, and is not employed necessarily as a synonym for labor. There is nothing in the language of this receipt, which constitutes an appropriation of the payment to the labor account alone. It should be treated as a partial payment on the contract. It did not affect the right of the petitioner to maintain the lien, which he was en-

titled to enforce, for the value of the labor up to an amount not exceeding, with the payments made, the contract price. *Casey* v. *Weaver*, 141 Mass. 280. *Scannell* v. *Hub Brewing Co.* 178 Mass. 288, 292. R. L. c. 197, § 2.

In accordance with the stipulation filed by the respondents, the lien is to be established for the amount claimed in the account in the statement filed.

*So ordered.*