J. Albert Reardon & others *vs.* Louis Ashman & another.

Essex.    November 7, 1914. — December 29, 1914.

Present: Rugg, C. J., Sheldon, De Courcy, & Crosby, JJ.

*Mechanic's Lien.*

One who has furnished labor and materials used in the construction of a building under an entire contract in writing with the owner of the land, by the terms of which he is to receive an agreed price for the performance of the whole contract, can maintain a petition to enforce his mechanic's lien only under § 1 of R. L. c. 197 and cannot establish a lien for the labor alone under § 2 of that chapter.

De Courcy, J. An apartment house was being erected by the respondents Ashman and Gomberg as copartners on land

owned by them as tenants in common. The written contract for the plumbing which was made by the petitioners with Gomberg and was performed with the consent of Ashman, was in legal effect made with both partners and could be enforced against them. *Wahlstrom* v. *Trulson,* 165 Mass. 429. Under R. L. c. 197, § 1, the petitioners had a lien on the property for the unpaid balance due them for labor and materials; and no notice in writing under § 3, that they intended to claim a lien for materials, was necessary because the respondents, as contracting owners, were the "purchasers" of the materials within the meaning of the statute. *Whitford* v. *Newell,* 2 Allen, 424.

Instead of enforcing their lien under § 1, the petitioners undertook to split their contract and, after applying the payments they received to the materials and *pro tanto* to the labor furnished, they sought to enforce a lien for the balance under § 2, which is as follows: "If such agreement is for labor performed or furnished and for materials furnished under an entire contract and for an entire price, a lien for the labor alone may be enforced, if the value of such labor can be distinctly shown; but it shall not be enforced for an amount greater than the entire contract price." The question before us is, does this section apply where the contract to furnish labor and materials for an entire price is made with the owner of the land?

When this provision originally was enacted by St. 1872, c. 318, § 1, the lien law, applicable between owner and contractor, existed substantially as at present. The contractor then as now had a lien for labor and materials commensurate with his contract; he was not obliged to give the written notice required from others in order that his lien for materials furnished should attach; and he could recover for part performance of his contract where he now can under § 16. Gen. Sts. c. 150, §§ 1, 2, 20. The hardships under the earlier law apparently were those suffered by subcontractors, who did not have the benefit of an agreement with the owner of the property. It frequently happened, where they furnished labor and materials under an entire contract, that they had no lien for the materials because of their failure to give notice; and it was held that then they would have no lien for the labor part of their contract, for which no separate sum was due, as they had none for the rest. *Morrison* v. *Minot,*

5 Allen, 403.  *Clark* v. *Kingsley,* 8 Allen, 543.  *Graves* v. *Bemis,* 8 Allen, 573.  *Mulrey* v. *Barrow,* 11 Allen, 152.  *Whitney* v. *Joslin,* 108 Mass. 103.

Apparently it was to relieve this situation that St. 1872, c. 318, § 1, was passed.  The introductory language of the section is, that the provisions of Gen. Sts. c. 150 "are hereby so far extended," etc., as if the Legislature were merely extending the lien provision to a case to which it had not applied theretofore. That such was the purpose of the act, and of its re-enactments in Pub. Sts. c. 191, § 2, and R. L. c. 197, § 2, seems to have been assumed by this court in several cases.  Thus in *Gogin* v. *Walsh,* 124 Mass. 516, it was said by Soule, J.: "The mechanic who furnished labor and materials . . . for an entire sum, under a contract with one not the owner of the premises . . . had no lien under the Gen. Sts. c. 150, for either labor or materials, unless he gave notice to the owner of his intention to claim a lien for the materials, before furnishing them. . . . To relieve the mechanic from any hardship which this state of the law might expose him to, it is provided by the St. of 1872, c. 318, that a lien shall attach to secure payment for labor performed or furnished under an entire contract for labor and materials," etc.  Similar language was used by Field, C. J., in *French* v. *Hussey,* 159 Mass. 206.  *Moore* v. *Dugan,* 179 Mass. 153, was a petition to enforce a lien for labor and materials, by one who had contracted with the owner.  It was said in the opinion by Barker, J. (page 157): "The builder may establish a lien for the amount due him in equity and good conscience for the benefit conferred by him on the landowner by placing the structure on the land, when his contract made with the owner has been substantially performed, although something called for by the contract may not have been done.  The case is within the language of the first section of the statute, a debt 'due for labor performed or furnished or for materials furnished and actually used in the erection . . . of a building . . . upon real estate' by virtue of an agreement with the owner.  As the lien in such a case is for everything furnished, the labor and materials being upon the same footing, the second section of the statute, originally enacted as St. 1872, c. 318, § 1, has no effect upon it, being intended merely to give a lien for labor in some cases where there was no enforceable lien for both

materials and labor." See also *Bowen* v. *Phinney*, 162 Mass. 593, 594; *Patrick* v. *Smith*, 120 Mass. 510, 512. While it is true that the precise question now before us never has been decided, the language of these cases, expressing the reasoning on which the decisions were based, is too important to be disregarded or departed from without necessity.

A further objection to the petitioners' contention is that it would allow them a lien for labor under § 2, even if they had failed to perform their contract substantially or in good faith, and for that reason could not recover under § 1; nor is it clear that the amount they could recover would be limited to a proportionate part of the contract price, as under § 16. *Moore* v. *Erickson*, 158 Mass. 71, 73. *Orr* v. *Fuller*, 172 Mass. 597.

We are of opinion that the petitioners, who had an entire contract for labor and materials with the owners of the land, cannot pursue R. L. c. 197, § 2, for the value of the labor they furnished, but must follow § 1 and rely on their contract. In accordance with the report,* judgment must be entered for the respondents, with costs.

*So ordered.*

*W. W. Pyne,* for the petitioners, submitted a brief.
*J. C. Batchelder,* for the respondents.

---

* Made by *Hamilton,* J., to whom the case was submitted upon an agreed statement of facts and who found such facts to be true and reported the case for determination by this court.