### ALBERT E. PATRICK & another *vs.* TIMOTHY H. SMITH.

Suffolk.  March 20. — September 8, 1876.   COLT & LORD, JJ., absent.

The St. of 1872, c. 318, § 2, providing that the statement required by the Gen. Sts. c. 150, § 5, to be filed with the clerk of a city or town to preserve a mechanic's lien, shall set forth in addition to its present provisions "the number of days of labor performed or furnished," does not apply to a claim arising from a contract for labor only.

At the trial of a petition to enforce a lien under the Gen. Sts. c. 150, the petitioners' statement filed in the office of the city clerk averred that they performed labor on a block of seven houses, situated on the corner of Tremont and Kendall Streets, in the city of Boston, supposed to belong to Dr. T. H. Smith, — the land on which said buildings were situated measuring about one hundred and fifty feet on said Tremont Street, and bounded northwesterly on Tremont Street, and northeasterly on Kendall Street; that such labor was performed by consent of the said Smith, and by virtue of an agreement with a person having authority from said Smith to procure the same to be done. *Held*, that the statement sufficiently identified the ownership of the land, and described the work done by the petitioners jointly as partners; that the name of the owner was sufficiently given, if that was all the petitioners knew; and that the authority under which they acted was sufficiently stated.

PETITION to enforce a lien under the Gen. Sts. c. 150, for labor performed, in the construction of a block of buildings in Boston. The petition averred that said buildings, and the lands on which they were situated, were owned by the respondent, and that the petitioners performed and furnished said labor by and with the consent of the owner of said buildings, and under a contract with

one George A. Patrick, a person having authority from said owner to procure the same to be done. The answer contained a denial that the petitioners had any contract with Patrick to do any such work, and that Patrick had no right or authority to procure such labor to be done.

At the trial in the Superior Court, before *Pitman*, J., without a jury, the petitioners put in evidence the following statement, signed and sworn to, by David D. Lord, and filed with the city clerk according to law:

" The undersigned, David D. Lord, on behalf of himself and Albert E. Patrick, on oath deposes and says: That they have performed labor on a block of seven houses, situated on the corner of Tremont and Kendall Streets, in the city of Boston, supposed to belong to Dr. T. H. Smith, — the land on which said buildings are situated measuring about one hundred and fifty feet on said Tremont Street; that said labor was performed by consent of the said Smith, and by virtue of an agreement with a person having authority from said Smith to procure the same to be done; and that the following is a true statement of the labor so done and performed, with all credits upon the same, viz. :

Laying 21,500 face brick, at twelve dollars a thousand . $258 00
　　By cash at two several times, viz. $50 and $20 . . 　70 00
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　—————
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$188 00

and that we claim a lien upon said land and buildings for the said sum of one hundred and eighty-eight dollars. Said land is bounded northwesterly on Tremont Street, and northeasterly on said Kendall Street; that said labor commenced September 18, 1873, and ended on October 18, 1873."

The petitioners then put in evidence a contract in writing between the respondent and George A. Patrick, dated September, 1873, by which it appeared that Patrick agreed to furnish the staging and lay all the bricks in the erection of the block of buildings in question for a price therein agreed upon; and also evidence of a verbal agreement made by them with Patrick in September, 1873, to lay all the face brick for said building at $12.50 per thousand; and that the petitioners laid said brick under and by virtue of said verbal agreement. To all this evidence the respondent objected, because neither the said state-

ment nor the petition contained any statement of said contracts, or of either of them ; but the judge admitted it.

The petitioners admitted, and it appeared as a fact, that they saw the respondent nearly every day while they were laying the brick ; that they at that time supposed and believed that the respondent then, and also at the time of filing said statement, owned the land on which said building stood ; and at the trial it was admitted by the respondent that he did then own it. The petitioners admitted that they could, at the time of leaving said labor, have stated the number of days occupied by them in laying said brick. It also appeared that the respondent's name was printed in full, " Timothy H. Smith," in the Boston Directory of the year 1872, and that there were then several T. H. Smiths in Boston, who so appeared in said directory. The petitioner Lord testified that he believed T. H. Smith owned the land, but did not know that T. was Timothy. On cross-examination he testified that he supposed he might have ascertained that T. was Timothy. The other petitioner was not inquired of, and did not testify on this point.

The respondent asked the judge to rule that the above statement was informal, and insufficient in the following particulars :

" 1. That it contained no statement as to the ownership of the land, and no proper statement of the name of the owner of the building. 2. That it did not therein appear that the petitioners performed said labor jointly or as partners, or how they were interested, and was not sufficiently and properly signed and executed. 3. That said land was not sufficiently described. 4. That it does not state the number of days of the labor performed, as required by the St. of 1872, c. 318, § 2. 5. That it does not contain any statement that the labor was for or in the ' construction,' ' alteration,' or ' repair ' of said buildings."

But the judge ruled that said statement was sufficient in all respects, and found for the petitioners. The respondent alleged exceptions.

*J. B. Richardson*, for the respondent.

*B. D. Washburn*, for the petitioners.

AMES, J. The St. of 1872, c. 318, upon which the respondent grounds one branch of his defence, is not applicable to the case. The purpose of that statute was merely to provide that in any

case where the claim is made up of labor and materials furnished, and the lien for the materials fails to attach for want of the notice required by Gen. Sts. *c.* 150, § 2, the lien for the labor performed shall nevertheless be preserved, provided it can be distinctly shown what the labor was worth. In such a case the statute also requires that the number of days of labor performed or furnished, and the value of the same, shall be specified in the statement filed with the clerk of the city or town. But the contract under which the petitioners' claim arises was for labor only, and therefore there was no necessity to specify the number of the days of labor as a separate item.

The remaining objections urged by the respondent against the petitioners' right of action are also untenable. In the absence of any evidence tending to show that the owner of the building was not also the owner of the land upon which it stands, the averment in the written claim filed with the city clerk, that the block of buildings was supposed to belong to the respondent, may be considered as applicable to the land under and adjoining the building. The averment that " they " performed the labor, and the manner in which the labor is charged, amount to an averment that they performed it jointly and as partners. The description of the land upon which the buildings stood was a sufficient identification for the purposes of this process. The name of the owner was given by the terms of the written statement as T. H. Smith, and it appeared that at the time when that statement was filed, this was all that the petitioner, Lord, by whom it was filed, knew as to the defendant's name. See *Kelly v. Laws,* 109 Mass. 395. Gen. Sts. 150, § 5. And the description of the work done, as given in the statement, is sufficient to show that it was done in constructing, altering or repairing the respondent's building within the meaning of the statute. The petition contains a sufficient averment of the contract under which the work was done, and the statute does not require any more particular account of the authority of George A. Patrick, the original contractor, to employ the petitioners to do the work.

*Exceptions overruled.*