LEONARD A. GETCHELL vs. JAMES P. MORAN.

Suffolk.   March 11. — May 3, 1878.   AMES & MORTON, JJ., absent.

It is no objection to the maintenance of a mechanic's lien, under the Gen. Sts. c. 150, that the initials only of the Christian name of the owner of the land are stated in the certificate filed in the registry of deeds, under the St. of 1874, c. 321, § 4, although the person claiming the lien knows the full name.

In a petition to enforce a mechanic's lien, under the Gen. Sts. c. 150, the Christian name of the respondent was James.   The certificate of lien stated the Christian name as "John," and the last three letters of the name were erased before the certificate was recorded, but the name was recorded as John.   Held, that the mistake of the recording officer did not prevent the enforcement of the lien.

At the trial of a petition to enforce a mechanic's lien, under the Gen. Sts. c. 150, the petitioner's certificate of lien set forth that he "performed and caused to be performed labor" on a double wooden house on land owned by the respondent; that the labor was performed under a contract made with a person named, who was thereto duly authorized by the owner; that the contract was "to labor and furnish labor by the day on said house;" and that he "ceased to labor and cause labor to be performed on said house" on a certain day.   The judge, trying the cause without a jury, found that the double house formed one building.   Held, that the description of the work done was sufficient to show that it was done in constructing, altering or repairing the respondent's building; that the allegations of the petition, both as to the character of the work done and as to part of it being caused to be performed by the petitioner, were sufficient after verdict; that the allegation that the petitioner ceased to labor and cause labor to be performed on a certain day embraced both labor performed and labor furnished under the contract; and that the lien could be maintained on the entire building, although part of the work was done on each of the houses.

PETITION under the Gen. Sts. c. 150, to enforce a mechanic's lien for labor performed and furnished upon a house in Lexington Street, in that part of Boston formerly Charlestown.   At the trial in the Superior Court, before Allen, J., without a jury, the petitioner put in evidence the following copy of a statement, signed and sworn to by him, as recorded in the registry of deeds for Suffolk County, under the St. of 1874, c. 321, § 4, on August 29, 1874:

" I, Leonard A. Getchell, of Boston, in the county of Suffolk and Commonwealth of Massachusetts, on oath do certify that I have performed and caused to be performed labor as a carpenter on a certain house situated in the Charlestown District of said Boston, said house being a double wooden house and situated on a lot of land, [describing it by metes and bounds,] being the premises conveyed to John P. Moran by Sampson Warren, by

deed dated May 9, 1874, and recorded with Suffolk Deeds, book 1211, page 181; that the said lot and building are owned, or believed by me to be owned, by John P. Moran, of Chelsea, in said county. And I further certify that I have and claim a lien upon said house and the appurtenances thereto belonging, and the lot of land on which said house stands, and the interest of the owner or owners thereof, to secure the amount due me for labor performed, with interest, and all costs and expenses of enforcing said lien. And I further certify that said labor was performed in pursuance of a contract made by me with one J. H. Staples, of said Chelsea, and that said Staples was duly authorized to make said contract by said J. P. Moran; and I further certify that my contract with said Staples was to labor and furnish labor by the day on said house, and to receive therefor a just and reasonable sum per day; and in accordance therewith I performed and caused to be performed labor amounting to $102, and there is due therefor the sum of $72.

" I further certify that I ceased to labor and cause labor to be performed on said house on the first day of August, A. D. 1874, and that the account hereto annexed is a just and true account, and that the credit therein given is the only credit." Annexed to this was an account showing the number of days' work and certain credits.

The original statement was also in evidence, and differed from the above copy only in this particular, that a line was drawn across the three last letters of the name " John." The petitioner's attorney, who drew the statement, testified that he had no recollection when the lines were so drawn across that name, but thought it was before record. The judge found that it was done before the statement was recorded. The petitioner testified that he knew the respondent for several years before filing his petition, and that his name was James P. Moran.

It was also in evidence for the petitioner, that the labor for which he claimed to have a lien was performed by himself and men in his employ upon a double wooden house, upon land of the respondent; that the houses were new houses, in process of erection by one Staples, under a written contract entered into by Staples and the respondent, which Staples refused to fulfil; that the houses were divided one from the other by a twelve-

inch brick partition wall, which extended from the foundation to a distance of two feet above the roof of each house, both houses being in process of erection at the same time, and the boarding and clapboarding forming a continuous front and rear of the entire building; that the petitioner and his men performed labor on both houses, and, when they commenced to labor, the partition wall was built and the houses boarded in; and that they ceased to labor on August 1, 1874. The judge found that both houses were one building.

The petitioner also testified that he performed and furnished the labor under an agreement with Staples, by which the petitioner was to take his men and go to work upon the houses by the day.

The respondent asked the judge to rule as follows:

"1. This petition cannot be maintained, because the petitioner misstated the name of the owner of the land in the statement filed by him in the registry of deeds.

"2. This petition cannot be maintained, because it does not appear from the statement filed in the registry of deeds, or from this petition, that the labor was performed in the erection, alteration or repair of the houses or building; and the contract alleged to have been made between Staples and the petitioner is too indefinite, and no lien exists therefor.

"3. The statement filed in the registry of deeds is not such a statement, for labor performed and furnished, as is required by law to be filed, but is only a statement claiming a lien for labor performed.

"4. The petition cannot be maintained for the labor furnished, because it does not appear from the petition when the petitioner ceased to furnish labor, or that he filed in the registry of deeds, within the time required by law, a statement of such labor furnished.

"5. The petition cannot be maintained, because there are two houses on the land described in the petition, and the petition does not allege that labor was performed on both houses, and, if labor was performed only upon one of the houses, there is no sufficient description thereof.

"6. If the petition can be maintained, the petitioner must prove the amount of labor performed on each house, and is only

entitled to a lien on such house for the labor performed thereon, and cannot have a lien on one house for labor performed or furnished on the other."

The judge refused so to rule; but ruled that this petition could be maintained, and ordered judgment for the petitioner. The respondent alleged exceptions.

*J. W. O'Brien*, for the respondent.

*E. T. Swift & J. E. Avery*, for the petitioner.

Soule, J. The court below found that, before the petitioner caused his statement of claim to be recorded, a line was drawn through the last three letters of the word John, which had been written as the Christian name of the supposed owner of the premises on which it is sought to maintain a lien. The effect of this was to erase those letters, and leave the alleged name of the owner to be J. P. Moran. The true name of the respondent being James P. Moran, the statement of his name as J. P. Moran cannot be regarded as a misstatement. It is an incomplete statement, but not an erroneous one. It did not tend to mislead as to the identity of the owner; though it might perhaps fail to give the fullest information as to the person against whose property the lien was claimed. If the respondent was the only Moran whose initials were J. P., the information was complete. If he was not, the statement of name was sufficiently full to enable all persons interested in knowing the state of the title to the premises in question to ascertain from the records, by aid of the usual index, what property the claimant intended to hold his claim against. While it is desirable that, in all legal proceedings, the Christian name of parties should be given in full, and the habit of using initials only is not to be commended, we are of opinion that the irregularity pointed out in this particular does not amount to a failure to state the name of the owner, within the requirements of the statute. Gen. Sts. *c.* 150, § 5. The case in this regard is substantially like *Patrick* v. *Smith*, 120 Mass. 510. And though it is stated in that case that the petitioner, in using the initials only, stated all that he knew of the owner's name, while it appears in this case that the petitioner knew the respondent's name to be James, it is to be observed that the sufficiency of the recorded statement depends on the question whether the name is stated with sufficient accuracy to satisfy the statute, and

not on the question whether the petitioner stated it as accurately as he knew it. In *Kelly* v. *Laws*, 109 Mass. 395, the misstatement of name was such as to show affirmatively that the alleged owner named in the statement must be another person than the respondent in the suit. It is no ground for arresting judgment on an indictment, that, in the signature of the foreman of the grand jury, the Christian name is represented by the initial letter only. *Commonwealth* v. *Hamilton*, 15 Gray, 480.

The name of the respondent having been given with the requisite accuracy in the statement filed by the petitioner in the registry of deeds, his rights are not to be prejudiced by a mistake of the register in spreading the instrument on the record.

The description of the work done, as given in the statement, is sufficient to show that it was done in constructing, altering or repairing the respondent's building, within the meaning of the statute. *Patrick* v. *Smith*, above cited. The allegations in the petition, both as to the character of the work done and as to a part of it being " caused to be performed " by the petitioner, are sufficient after verdict. Whether, if demurred to, the petition could have been maintained, it is not necessary for us to decide. Nor is there any force in the objection that the lien is claimed only for the amount due for the personal labor of the petitioner, and not for the amount due for labor " furnished." The claim is for the value of all the labor performed, whether performed by the petitioner or by his servants. The allegation in the petition, that the petitioner ceased to perform labor on the first of August, is a sufficient compliance with the requirement of the statute. The labor performed and the labor furnished were under one contract, and an allegation showing that the petitioner, either personally or by his servant, labored on the premises within thirty days before the statement was filed, is sufficient to secure the lien for the whole amount due him for labor under the contract.

The court below having found that the structure on which the work was done, though arranged for use as two dwelling-houses, was one building, the lien can be maintained on the whole premises for the whole amount due, though part of the work was done on each of the houses. The statute provides for a lien for labor performed or furnished in the erection, &c., of any build

ing, without reference to the mode in which it may be subdivided for use. Gen. Sts. *c.* 150, § 1.

*Exceptions overruled.*