## JOHN BRISTOW *vs.* AUGUSTUS O. EVANS.

Middlesex.　Jan. 8. — June 28, 1878.　AMES & LORD, JJ., absent.

A petition to enforce a mechanic's lien described one lot of land as bounded north by H. Street and on the west by B. Street, and on the south and east by land of the owner of the lot; and another lot as bounded west by B. Street, and southerly by P. Street, and on the north by the estate of S., and on the east by land of the owner of the lot. The petitioner's statement, filed in the office of the city clerk, described the first lot as bounded east by the estate on the corner of B. Street and a new street, and south by the new street, which was described as the first street on the left, going north, on B. Street from C. Avenue, and as bounded on the north and west by land of the same owner; and the second lot as bounded easterly by B. Street, and south by the new street running between B. Street and C. Avenue, next south from C. Street, and a little to the north of the barn of S., and as bounded on the north and west by land of the same owner. H. Street ran from B. Street on the right going north, and was some distance south of C. Avenue; and P. Street ran from B. Street at some distance north of C. Street. *Held*, that the statement would not warrant a jury in identifying the lots therein described with those described in the petition.

PETITION to enforce a lien, under the Gen. Sts. *c.* 150, alleging that the petitioner performed and furnished, on land owned by the respondent and another, " eight days' labor, at $4 per day, amounting to $32, in the erection of the building on the lot of land in Cambridge, bounded north by Healey Street, west by

Buckingham Street, south by land now or late of said owners, east by land now or late of said owners; and ten days' labor, at $4 per day, amounting to $40, in the erection of the building on the lot of land in Cambridge, bounded northwardly on Healey Street, westwardly on the above described lot, southwardly on land of said owners, easterly on land of said owners; the above parcels being parts of lot 17 on plan of land in Cambridge, belonging to John Hartt and others, made by W. A. Mason, November, 1872; which labor was done upon each of said buildings with the consent of the owners, under a contract with James Smalle to furnish and do said labor on the terms above set forth. Also nineteen days' labor at $4 per day, amounting to $76, in the erection of the building on the lot of land in said Cambridge, bounded northerly by estate of Stevens, westerly by Buckingham Street, easterly by other land of said owners, southerly by Parker Street, as shown on said plan; which said nineteen days' labor was done, with the consent of the owners, under a contract with William Juggins and Manus McLaughlin to perform and furnish said labor on the terms above set forth."

The petition further alleged "that said Smalle and said Juggins & McLaughlin respectively, through the agency of one Robert M. Otis, had authority from the owners of said estate; that your petitioner ceased to perform and furnish said labor in the erection of said buildings and each of them, on or about the thirtieth of November, 1875; and that within thirty days, to wit, December 22, 1875, he filed, in the city clerk's office of said Cambridge, certificates of lien for said labor, subscribed and sworn to by him, describing said estates as owned by Robert M. Otis, so far as the owner was then known, pursuant to the statutes of this Commonwealth." The prayer was for an order of sale of the premises.

At the trial in the Superior Court, before *Brigham,* C. J., the petitioner put in evidence the certificates referred to in the petition.

The first certificate set forth that the petitioner, by virtue of a contract with James Smalle, with the consent of the owner, from whom Smalle had authority, performed and furnished eight days' labor at $4 per day, amounting to $32, on a building in Cambridge " now erecting on the proposed new street between

Buckingham Street and Concord Avenue, the first new street on the left as you go on Buckingham Street northward from Concord Avenue, and is bounded northward by other land of the said owner, eastward by the estate on the corner of Buckingham Street and said new street, south on said new street, and west on other land of said owner."

The second certificate set forth that the petitioner, by virtue of a contract with James Smalle, of Cambridge, and with the consent of the owner, from whom Smalle had authority, performed and furnished ten days' labor, at $4 per day, amounting to $40, on a building "in process of erection in said Cambridge on the corner of Buckingham Street and the new street staked out between Buckingham Street, Concord Avenue and the first street on the left going northward on Buckingham Street from Concord Avenue, being bounded east by Buckingham Street, south by said open street, west by other estate of the owner, and north by other estate of the said owner."

The third certificate set forth that the petitioner, by virtue of a contract with Manus. McLaughlin and William Juggins, partners under the name of McLaughlin & Juggins, with the consent of the owner of said estate, from whom McLaughlin & Juggins had authority in the premises, performed nineteen days' labor, at $4 per day, amounting to $76, on a building "being erected on the lot of land on the corner of Buckingham Street in Cambridge, and the new street running or staked out between Buckingham Street and Concord Avenue, next to the southward from Craigie Street and a little to the north of Stevens's barn. Said estate is bounded north by estate of said Otis, east by Buckingham Street, south by said proposed new street, west by said Otis's land or other owner."

There was evidence that the petitioner performed the labor on the buildings described in the petition, and that Smalle and Juggins & McLaughlin built such houses for the agent of, and with the knowledge and consent of, the respondent.

From a plan used at the trial, it appeared that Healey Street runs from Buckingham Street on the right of a street going northward, and lies at some distance south of Concord Avenue; and that Parker Street runs from Buckingham Street at some distance northerly from Craigie Street.

The respondent asked the judge to rule that on this evidence the petition could not be maintained; but the judge refused so to rule.

The jury found specially, that the description of the lots of land in the petitioner's statements was such that they could be found and identified or reasonably recognized, by applying such description to the land ; and that the petitioner's statements contained a just and true account of the labor performed by him on the buildings described in the petition. The judge thereupon directed a verdict for the petitioner, and reported the case for the determination of this court.

*D. F. Fitz*, for the respondent.

*C. H. Hudson*, ( *C. Abbott* with him,) for the petitioner.

SOULE, J. No lien for labor performed or materials furnished in erecting or repairing a building or structure can be enforced, unless the person wishing to avail himself of it files for record a statement of the amount due him, together with a description of the property intended to be covered by the lien, sufficiently accurate. for identification. Gen. Sts. *c.* 150, § 5. The lot first named in the petition is there described as bounded north by Healey Street, and on the west by Buckingham Street, and on the south and east by land of the owners of the lot. The lot named in the statement of account filed for record, as that intended to be covered by the lien, is described as bounded east by the estate on the corner of Buckingham Street and a new street, and south by the new street, which is described as the first street on the left going northward on Buckingham Street from Concord Avenue, and as bounded on the north and west by other estates of said owners. Healey Street runs from Buckingham Street on the right of one going northward, and lies at some distance south of Concord Avenue.

There is the same difference between the description in the petition of the second lot therein named, and the description in the statement of account filed for record of the lot intended to be covered by the lien.

The third lot named in the petition is there described as bounded westerly by Buckingham Street, and southerly by Parker Street, and northerly by estate of Stevens, and easterly by other land of the owners of the lot. The lot named in the state-

ment, as intended to be covered by the lien, is there described as bounded on the east by Buckingham Street, and south by the new street running between Buckingham Street and Concord Avenue, next to the southward from Craigie Street and a little to the north of Stevens's barn, and as bounded north and west by estate of Otis (the supposed owner of the lot in question). Parker Street leaves Buckingham Street at some distance northerly from Craigie Street.

There is nothing in the description of either of the lots, in the statements filed for record, which would warrant a jury in identifying the lots there described as those which are described in the petition. If the description had been more general, simply describing the several lots as being on the corner of two streets named, and of certain length on each, and the petition described the same lots, and the evidence showed that the respondent owned them, it would have been sufficient. *Patrick* v. *Smith*, 120 Mass. 510. In such case, there would be no contradiction between the statement and the petition. In the case at bar, the petition contradicts the statements as to the location and boundaries of each of the three lots. It is impossible that either of the lots described in the petition can be the lot described in either of the statements. The only point of agreement is in the allegation that the petitioner had performed labor on a building then in process of erection; but as he had done this on a building on each of three lots, the allegation is of no effect in determining to which of these the statement points. It would hardly be contended that a petition for enforcing a lien on a lot described, on the west side of a street, would be supported by proof of a statement filed for record, in which the premises were described as a " lot, with a new house thereon, situate on the east side of the street." The evidence wholly failed to support the petition, and the learned judge erred in refusing so to rule, in accordance with the request of the respondent.

*New trial ordered.*