NICOLA MUTO *vs.* E. IRVING SMITH & another.

Middlesex.   December 8, 1899. — January 4, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Mechanic's Lien — Description of Premises in Statement — Reference to Deed.*

Where land is conveyed to a person, who makes a mortgage of it, excepting a certain portion, upon which portion subsequently a third person does work, the latter cannot maintain a mechanic's lien therefor, if he files in the registry of deeds a statement which follows the description of the premises in the mortgage, thus excluding by metes and bounds the land on which the work was done; and the fact that the statement, besides the description by metes and bounds, contains the words " being the same premises described in deed " to the respondent and in the mortgage, does not help the petitioner.

PETITION, to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor performed upon land in Malden.   Trial in the Superior Court, without a jury, before *Hardy,* J., who found for the respondents; and the petitioner alleged exceptions.   The facts appear in the opinion.

*F. C. Dowd*, for the petitioner.

*E. H. Lounsbury*, (*E. B. Church* with him,) for the respondents.

HOLMES, C. J.   This is a petition to enforce a mechanic's lien against land of the respondents.   The land was conveyed

to the respondents, and they made a mortgage excepting a portion in the northeast corner. The petitioner's work was done upon this northeast corner, and consisted of digging and walling a cellar for a dwelling-house intended to be built upon it. But when the petitioner came to file his statement in the Registry of Deeds, instead of describing the whole land conveyed to the respondents, or the northeast corner, if that was to be treated as a separate lot, (*Whalen* v. *Collins*, 164 Mass. 146,) he followed the description in the mortgage deed, and therefore excluded by metes and bounds the very land on which the work was done. The judge before whom the case was tried found for the respondents, and the case is here on exceptions. The petitioner contends that as matter of law he is entitled to a finding, because the statement, beside the description by metes and bounds, contains the words " being the same premises described in deed " to the respondents and in the above mentioned mortgage deed.

The statement of the case disposes of it. This is not an instance of a *falsa demonstratio* injected into a description otherwise sufficient to identify the land, where, taking all the words in the light of knowledge of the place, it is apparent that the right land is meant. The description is perfectly plain and excludes the right land. It is said that the description is defective and cannot be applied to the land without extrinsic aid. The part of the description referred to is." thence southeasterly 98.70 feet to a point distant 137 feet westerly from said Madison Street 112 feet to said first mentioned land of O'Donnell." But it is plain on the face of the words that there is a word understood before " 112 feet," and that that word is " thence," and this is still plainer when the whole statement is read. If that word is inserted the description is not defective. It follows that the reference to the deeds, even if they agreed in giving different boundaries, makes no difference, because it is settled that a description by metes and bounds is not controlled by such a reference. *Dana* v. *Middlesex Bank*, 10 Met. 250, 255. *Morrow* v. *Willard*, 30 Vt. 118. But in fact the reference does not help the petitioner, for only the land described in the statement is described in both the deeds. The northeast corner on which the work was done is described in the conveyance to the respondents, but, as we have stated, not in the mortgage. Indeed the

reference only makes it plain that it was intended to follow the mortgage in the statement.

It was not argued that the fact that the lien is claimed for work and materials "in the erection of a building situated on a lot" described in the foregoing manner, identified the lot by reference to the building on which the petitioner worked. There is a hint that such a reference might have some effect in *Bristow* v. *Evans*, 124 Mass. 548, 552. But there was a building on the land described, and, if there had not been, it would be going too far to allow such a reference to override the express description and to satisfy the statute. See *Doherty* v. *Hill*, 144 Mass. 465, 469.                                    *Exceptions overruled.*