LOUIS N. WERA *vs.* SAMUEL W. BOWERMAN.

Berkshire.   March 6, 1906. — May 15, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Mechanic's Lien.*

Pub. Sts. c. 191, § 1, now R. L. c. 197, § 1, gives a lien for labor furnished as well
as for labor performed and a petitioner may establish a lien for labor under the
statute although he did none of the work personally.

PETITION, filed January 25, 1899, under Pub. Sts. c. 191, § 1,
now R. L. c. 197, § 1, to enforce a mechanic's lien for labor al-
leged to have been performed and furnished in the construction
of a hotel in Pittsfield called The Wendell, with the consent
and under the authority of Samuel W. Bowerman then the
owner thereof.

At the trial in the Superior Court before *Maynard*, J. the
petitioner moved that issues of fact might be framed for a jury.
This motion was heard upon the following agreed statements of
facts:

The parties agreed " that the petitioner is a sub-contractor of
a sub-contractor; that the petitioner himself did no labor upon

the building within thirty days prior to the filing of the lien; that the respondent was the owner of the property upon which the lien is claimed; that the respondent made an entire contract with E. F. Dodson & Co. for the erection and completion of the building upon which the petitioner performed or furnished the labor for which the lien is claimed; that the lien was filed on November 17, 1898; and that any question about the time of filing the motion is waived."

The judge denied the motion on the ground that there was nothing for the jury to determine and no occasion for issues of fact to be framed. The petitioner excepted to the ruling.

At the hearing before the judge, to establish the petitioner's lien, the petitioner offered the agreed statement of facts quoted above and also evidence to show that he had furnished labor on the building in the completion of his original contract as charged under item 1 of his account with the knowledge and consent of the respondent within thirty days before the time of filing his lien. The judge excluded all evidence other than the agreed statement, and the petitioner excepted. The judge ruled that the petition could not be maintained because the petitioner had not performed any labor personally within the thirty days and that the petitioner had no lien for labor furnished by him and done by his servants or employees within thirty days before the time of the filing of his lien. The judge found for the respondent; and the petitioner alleged exceptions.

*G. A. Prediger*, for the petitioner.

*E. T. Slocum & E. M. Wood*, for the respondent.

BRALEY, J. By Pub. Sts. c. 191, § 1, under which the certificate of lien was filed, and the proceedings for its enforcement begun, it was provided that any person to whom a debt is due "for labor performed or furnished . . . in the erection . . . of a building . . . upon real estate, by virtue of an agreement with or by consent of the owner of such building . . . or of any person having authority from or rightfully acting for such owner", shall have a lien upon the building and the interest of the owner in the land for labor performed and furnished. To create a valid lien for labor, therefore, it is not obligatory that the work shall be manually performed by the petitioner, but the statute is satisfied, and it is sufficient if the labor has been furnished by

him in the sense that the work has been done by his employees. *Monaghan* v. *Goddard*, 173 Mass. 468. *Scannell* v. *Hub Brewing Co.* 178 Mass. 288. It, indeed, was held in *Parker* v. *Bell*, 7 Gray, 429, upon which the respondent relies for a contrary doctrine, that a lien could be established only in favor of the person actually performing the work, but that decision was made under the St. of 1855, c. 431, § 1, by which a lien for labor was thus restricted. By Gen. Sts. c. 150, § 1, re-enacted in Pub. Sts. c. 191, § 1, this right was extended to include labor furnished as well as performed. See *Getchell* v. *Moran*, 124 Mass. 404, 408.

For the purpose of the hearing of a motion filed by the petitioner to have issues framed for a jury, the parties agreed upon certain facts, among which was the statement that the " petitioner himself did no labor upon the building within thirty days prior to the filing of the lien," and upon this motion being overruled the case then went to trial before the judge upon the merits. To establish his lien the petitioner then offered to prove in addition to the agreed facts that he had furnished labor on the respondent's building according to the contract as set forth in the first item of his account, and within the time prescribed by the statute had duly filed his certificate of lien, and that the labor had been furnished with the knowledge and consent of the respondent, but the evidence was excluded, and the petitioner. apparently was confined to the agreed statement of facts. This evidence, however, was competent, and when taken in connection with the agreed facts would have been ample to sustain the petition. *Scannell* v. *Hub Brewing Co.* 178 Mass. 288. *Vickery* v. *Richardson*, 189 Mass. 53. The judge thereupon ruled that the petition could not be maintained " because the petitioner had not performed any labor personally within said thirty days and that the petitioner had no lien for labor furnished by him and done by his servants or employees within thirty days prior to the time of the filing of his lien." Plainly this ruling was erroneous for reasons already stated, and an exception having been properly saved the order must be,

*Exceptions sustained.*