ELBRIDGE DEVINE *vs.* ELTON CLARK & another.

Middlesex.    January 6, 1908. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Mechanic's Lien.*

A mechanic's lien for labor and materials is created by § 1 of R. L. c. 197 when the work is done and the materials are furnished, and the function of the statement required by § 6 to be filed in the registry of deeds, within thirty days after the person claiming the lien ceased to labor or to furnish labor or materials, is merely to preserve the lien already in existence, which otherwise will expire.

If one, who has a mechanic's lien for labor only, files in the registry of deeds a statement of his claim under § 6 of R. L. c. 197, claiming a lien for both labor and materials furnished under an entire contract at an entire price with-

out any statement of the number of days of labor and the value of the same, and brings a petition to enforce the lien setting forth a like statement of his claim, but later amends his petition by setting forth a claim for labor alone, and if at the hearing upon the petition it appears that there was no intent on the part of the petitioner to mislead and that nobody was in fact misled by the form in which the statement was filed in the registry of deeds, the defects in the statement are cured by these facts and the statement is sufficient under the statute to preserve the lien.

PETITION filed on September 22 and amended on November 19, 1904, to establish a mechanic's lien.

In the Superior Court the case was heard by *Fox*, J., upon an auditor's report. It appeared that the petitioner filed a mechanic's lien certificate in the registry of deeds on July 18, 1904, claiming a lien for both labor and materials furnished under an entire contract for an entire price, and also for extra labor and materials furnished. Thereafter on September 22, 1904, the petitioner filed this petition, claiming a lien for both labor and materials furnished under an entire contract for an entire price, and afterwards filed the amendment to the petition claiming a lien for labor alone. The account attached to the petition was identical with the account contained in the certificate filed by the petitioner in the registry of deeds.

The report of the auditor fixed the amount due the petitioner, if anything was due, for the labor performed, and the auditor found as a matter of fact that there was no intent on the part of the petitioner to mislead and that nobody in fact was misled by the form in which the certificate was filed.

The respondents asked for eight rulings, of which the first six were made by the judge by agreement of the parties, and the last two were as follows:

"7. The certificate filed in the registry of deeds by the petitioner does not come within the exceptions stated in the last paragraph of § 6 of R. L. c. 197, said paragraph relating only to certificates in which a claim for a lien for labor only performed or furnished under the entire contract is set forth.

"8. The certificate filed in the registry of deeds by the petitioner does not comply with the requirements of R. L. c. 197, and is insufficient and invalid as a certificate upon which to base the action at bar, more especially for the reason that it does not make any attempt to distinguish between labor and materials

performed or furnished under the entire contract, and does not contain any account whatever for the labor only performed or furnished, nor for the value of said labor under said entire contract."

The judge refused to make these rulings, and found for the petitioner in the sum of $887. The respondents alleged exceptions.

*V. Lawrence,* (*J. H. Duffy* with him,) for the respondents.

*G. H. Mellen,* for the petitioner.

HAMMOND, J. The petition as amended seeks to enforce a lien for labor performed and furnished in the erection of a building; and the question in substance is whether the statement filed in the registry of deeds was sufficient under the provisions of R. L. c. 197, § 6.

It is to be premised that a lien for labor and materials is not created by this statement. The lien arises out of the circumstances under which the work is done and the materials are furnished, and it continues for twenty-nine days at least after the lienor stops upon the job, without the filing of any statement whatever. The office of the statement, so far as respects the lien, is not to create it, but simply to preserve it.

Before St. 1872, c. 318, under an entire contract to furnish both labor and materials upon real estate, to be paid for at an entire price, no lien attached for the labor unless there was one for the materials. *Morrison* v. *Minot,* 5 Allen, 413. That statute provided, however, that under such an entire contract a lien for labor could attach and could be enforced, provided "it can be distinctly shown what such labor is worth"; but no such lien should be "enforced for a sum greater than the price agreed upon for the entire contract." And it was further provided that the statement required by Gen. Sts. c. 150, § 5, should set forth in addition to its "present provisions, the entire price for the entire contract, the number of days of labor performed or furnished, and the value of the same." St. 1872, c. 318, §§ 1, 2. Up to that time Gen. Sts. c. 150, § 5, required the statement to contain "a just and true account of the amount due [the lienor], with all just credits given, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the

owner or owners of the property, if known." After St. 1872, c. 318, it was adjudged that a failure to comply with these added requirements was fatal to the lienor whose lien was for labor under an entire contract for labor and materials for an entire price. *Ellinwood* v. *Worcester*, 154 Mass. 590, and cases cited. The provisions of Gen. Sts. c. 150, § 5, and St. 1872, c. 318, were re-enacted in Pub. Sts. c. 191, § 6, and thus the section stood until amended by St. 1892, c. 191. This amendment consisted in adding to the section the following words: "But no statement required by this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating or failing to state the contract price, the number of days' labor performed or furnished, and the value of the same: provided, it is shown that there was no intention to mislead, and that the parties entitled to notice of the statement were not in fact misled thereby."

The statement in this case does not purport upon its face to claim a lien for labor alone; and it is urged by the respondent that although the petition may be amended (as in this case it has been) so as to cover a claim for labor alone, yet that the statement cannot be amended (*Pollock* v. *Morrison*, 176 Mass. 83); and hence the petitioner must stand as a person attempting to enforce a lien for labor and materials, and not for labor alone.

We cannot take this view. The language of Pub. Sts. c. 191, § 6, as amended, expressly applies to any statement "required by this section"; and the section provides for a statement in a case of a lien for labor and materials as well as for labor in a case like the present. As stated above, the lien is not created by the statement, but is simply preserved by it; and we think that the statement must be held to apply to the lien actually existing when it was filed, and which the petitioner seeks afterwards to enforce by proceedings in court. If, as applied to the lien as thus existing and as thus being enforced, it contains enough to preserve the lien, then it is sufficient in law, otherwise it is not. And that is so, even if the lienor, acting in good faith, claims a lien for both labor and materials when in fact he has one only for labor.

In the present case the only defect of which the respondent

complains is an entire absence of any statement of the number of days of labor and the value of the same. But it is provided that the statement shall not thereby be insufficient provided there has been no intention to mislead and no one of the parties entitled to notice has been in fact misled. On this issue the auditor found for the petitioner, and it is to be assumed that the judge agreed with the auditor. Shortly stated, the statement was sufficient under the circumstances to preserve the only lien the petitioner had and attempted in court to enforce. Its defects were cured by the findings as to the question of misleading.

*Exceptions overruled.*