WILLIAM LAYS & another *vs.* JAMES H. HURLEY & others.

Norfolk. March 26, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON,
& DE COURCY, JJ.

*Mechanic's Lien,* Statement of lien. *Partnership.*

In order that a statement of a mechanic's lien claimed by a partnership may
comply with the requirements of R. L. c. 197, § 6, that a statement of a lien
shall be filed by "the person claiming it" and shall be "signed and sworn to by
him or a person in his behalf," it is sufficient if it is signed in the name of the
firm by one of the partners and is sworn to by that partner. In the present
case there was evidence warranting a finding that the acts of one partner, in
signing and swearing to a statement in the name of a partnership composed
of two brothers, were authorized and ratified by the other partner.

PETITION to enforce a mechanic's lien, filed on May 26, 1911,
by William Lays and Samuel T. Lays, copartners doing business
under the firm name of Lays Brothers.

In the Superior Court, after findings favorable to tne petition-
ers had been made by a jury upon issues submitted to them,
the case was heard by *Crosby,* J. The material facts are stated
in the opinion. A decree was entered for the petitioners. The
respondents alleged exceptions.

The case was argued at the bar in March, 1913, before *Rugg,*
C. J., *Morton, Loring, Sheldon,* & *De Courcy,* JJ., and afterwards
was submitted on briefs to all the justices.

*H. F. Parker, (W. J. Good* with him,) for the respondents.

*E. H. Fletcher,* for the petitioners.

DE COURCY, J. The petitioners, under a written contract
with the respondent Hurley, dated April 12, 1910, constructed a
building on his premises, and now seek to enforce a mechanic's
lien on the property for the balance due to them. It is admitted
that there was evidence at the trial to establish all the allega-
tions in the petition to enforce the lien and all the jury's findings
on the issues of fact submitted to them, provided the statement
of lien filed in the registry of deeds was sufficient. The respond-
ents contend, however, that the statement did not comply with

the requirements of the lien statute for the reason that the individual name of Samuel T. Lays, one of the lienors, did not appear therein, and for the further reason that it was not signed or sworn to in his behalf.

The question at issue involves the construction of R. L. c. 197, § 6, which provides that the lien shall be dissolved unless "the person claiming it" within thirty days after the labor is performed or materials furnished files in the registry of deeds "a statement, signed and sworn to by him or a person in his behalf," containing a true account of the amount due him, a description of the property sufficiently accurate for identification, and the name of the owner, if known. In construing this provision it is to be borne in mind that the filing of the certificate does not create the lien, but merely keeps it alive so that proceedings may be taken to enforce it. The lien comes into existence when the petitioners perform the labor and furnish the materials. *Wiley* v. *Connelly,* 179 Mass. 360. *Clifton* v. *Foster,* 103 Mass. 233, 235. And while the petitioners must bring themselves strictly within the terms of § 1 of the statute, which provides for the creation of a lien incumbrance on real property, yet, as was said by Lord, J., in *Trask* v. *Searle,* 121 Mass. 229: "When a lien attaches, the provisions of law upon the subject being remedial, a liberal construction will be put upon the statute for the purpose of accomplishing its objects." This liberality is illustrated by the provisions of §§ 6 and 7, which deal with inaccuracies in stating the contract price, or the amount and value of the labor furnished, and with mistakes in the landowner's name.

The statute specifically provides what particulars shall be set out in the statement, and does not, expressly at least, require that the individual names of the lien claimants be inserted. Nor does it seem important in determining the rights of the parties that the name of each partner should be stated, as any person interested easily could ascertain who comprised the firm of Lays Brothers. We find no warrant in the language or in the spirit of the statute for the contention of the respondents that a failure to insert in the statement the individual names of both partners is fatal to the lien claimed. *Getchell* v. *Moran,* 124 Mass. 404. *Brosnan* v. *Trulson,* 164 Mass. 410.

The second and third grounds of objection are based on the re-

quirement of the statute that the statement shall be signed and sworn to by the lien claimant or by a person in his behalf. The statement in question certified that the account was due to "William Lays and copartners doing business as Lays Brothers," and concluded as follows: "I further certify that said Lays Brothers ceased to perform and furnish labor and furnish materials for said building on the tenth day of March, 1911, and that, [*sic*] and they hereby claim a lien on said building, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure payment of the debt due said Lays Brothers as aforesaid and of the costs which may arise in enforcing said lien." It was signed "Lays Brothers by William Lays," and was sworn to by William Lays. The account recited "James H. Hurley to Lays Brothers, Dr."

It appeared at the trial that the petitioners were brothers and had been doing business as copartners under the firm name of Lays Brothers since 1908. These facts were known to the respondent Hurley; and in the body and signature of their written contract with him they appear only by the firm name, — no mention of the individual names of Lays Brothers being made therein. The respondent Scott resided in the same city as the petitioners. There was no claim or evidence that either respondent was misled by the omission of the name of Samuel T. Lays from the certificate of lien; and although both respondents were in court at the trial, neither was called to testify. It further appears that at the trial William Lays testified that he filed the statement on behalf of Lays Brothers; and Samuel T. Lays joined in the petition for the enforcement of the lien, and testified at the trial in support of it.

In our opinion the trial judge would be warranted by the evidence in finding that the statement was signed and sworn to by the lien claimant or a person in his behalf, within the requirements of the lien statute. The certificate in question fairly purports to be the statement of the individuals who comprise the firm of Lays Brothers. William Lays as partner presumably was authorized to sign it on behalf of the firm, or, what was the legal equivalent thereof, it could be found that Samuel T. Lays ratified his act. *Batchelder* v. *Hutchinson,* 161 Mass. 462. The affidavit also, although informal, sufficiently shows that the

affiant was acting in behalf of himself and his partner in attesting the correctness of the statement. *Patrick* v. *Smith,* 120 Mass. 510. But we think that the signature and attestation were sufficient on the broader ground that as the certificate is merely a proceeding *in pais* a signature and attestation in the firm name alone was sufficient. In this respect it is like the written contract between the parties on which the lien was founded, and which was as valid when signed by Lays Brothers as if executed in their individual names. It is enough that the lien is preserved in the same name by which it is created, so far as proceedings *in pais* are concerned.

It is to be noted that the names of the individual partners duly appear as parties in the petition to enforce the lien subsequently filed in court, on which the trial judge entered a decree establishing the lien. R. L. c. 197, § 17. The process of enforcing the lien had then reached the stage of court proceedings, and was subject to the rules governing pleadings. As our law does not recognize a partnership itself as a legal entity, the individual members properly appear as petitioners. *Faulkner* v. *Hyman,* 142 Mass. 53, 55.

In view of the argument that the absence of the individual names of the lien claimants would create uncertainty as to proper obligees for the bonds provided for in §§ 28 and 30, we may call attention to St. 1907, c. 539, which requires persons transacting business as a partnership under any title other than the real names of the persons conducting such business to file with the clerk of the city or town in which the business is conducted a certificate stating the full name and residence of each member.

The testimony of the petitioners that there was no one else doing business under the name of Lays Brothers in the counties of Norfolk or Plymouth, or elsewhere within their knowledge, even if immaterial, could not have harmed the respondents.

*Exceptions overruled.*