**In re Robert RIBEIRO and Linda Ribeiro, Debtors.**

**EVANS PRODUCTS CO., Plaintiff,**

v.

**Robert RIBEIRO and Linda Ribeiro, and Herbert Rogergs, Trustee, Defendants.**

**Bankruptcy No. 80–00762–JG.**
**Adv. No. A80–0321.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 10, 1980.

Hertz N. Henkoff, Barron & Stadfeld, Boston, Mass., for plaintiff.

Paul L. Wean, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

JAMES N. GABRIEL, Bankruptcy Judge.

The issue before this Court is whether plaintiff's lien on the debtor's real estate is

a statutory lien or a judicial lien subject to avoidance under 11 U.S.C. Section 522(f).

The parties have waived trial and submitted the issue on briefs. The facts are not in dispute.

On or about May 27, 1977, plaintiff, Evans Products Co., entered into a contract with the defendants to supply material for the construction of a building on land owned by the defendants at 143 Tradewind Lane, Plymouth, Massachusetts. On or about June 28, 1977 plaintiff recorded with the appropriate registry of deeds notice of intent to furnish labor and/or material for the erection, alteration, repair or removal of a building or structure on the aforementioned land pursuant to Mass.Gen.Laws Ch. 254 Section 2. Subsequently on December 23, 1977, after the necessary building materials had been supplied, plaintiff recorded a signed and sworn statement pursuant to Mass.Gen.Laws Ch. 254 Section 8, giving a true account of the balance then due on the contract.

Upon refusal by the defendants to pay the balance, plaintiff brought suit in Plymouth County Superior Court to enforce the lien created by Mass.Gen.Laws Ch. 254 as aforementioned. On February 12, 1979 judgment entered for plaintiff in the amount of $14,733.84, enforcing his lien against defendants real estate at 143 Tradewind Lane, Plymouth, Massachusetts.

On May 14, 1980 prior to the holding of a sheriff's sale, defendants filed a voluntary petition in bankruptcy under Chapter 7 of Title 11 of the United States Code. Among the property claimed as exempt under 11 U.S.C. Section 522 was defendants' interest in the above mentioned real estate.

█ The defendants contend that to the extent that plaintiff's lien impairs their exemption, it is voidable under Section 522(f)(1). Defendants argue that plaintiff's lien is a judicial lien which may be avoided to the extent such lien impairs an exemption to which the debtors would otherwise be entitled under 11 U.S.C. Section 522(b). The plaintiff agrees that if defendants' contention is correct, the lien is avoidable in its entirety. However plaintiff forcibly argues that the lien is a statutory lien as defined in 11 U.S.C. Section 101(38) and is not subject to avoidance. This court agrees.

The Code defines statutory lien, in relevant part, as a lien "arising solely by force of a statute on specified circumstances or conditions, . . . but does not include security interest or judicial lien, whether or not such interest or judicial lien is provided by or is dependant on a statute and whether or not such interest or lien is made fully effective by statute."

The Legislative history clearly expresses congressional intent; "A statutory lien is only one that arises automatically and is not based on an agreement to give a lien or on judicial action. Mechanics', materialmen's and warehousemen's liens are examples." *House Report No.* 95–595, 95th Cong. 1st Sess. (1977) 314, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6271; *Senate Report No.* 95–989, 95th Cong. 2d Sess. (1978) 27, U.S.Code Cong. & Admin.News 1978, p. 5787, 5813.

The debtors allege that since the enforcement and very existence of a lien under Mass.Gen.Laws Ch. 254 is dependent upon judicial action being taken, the lien does not arise solely by force of statute, and thus cannot be considered to come squarely within the definition of statutory lien. This contention is clearly erroneous.

The plaintiff's lien arises by virtue of Mass.Gen.Laws Ch. 254 Section 2, the Massachusetts Mechanics' and Materialmen's Lien Law, which states:

A person entering into a written contract with the owner of land for the whole or any part of the erection, alteration, repair or removal of a building or structure upon land, or for furnishing material therefor, shall have a lien upon said building or structure and upon the interest of the owner in said lot of land as appears of record at the date when notice of said contract is filed or recorded in the registry of deeds for the county or district where such land lies, to secure the payment of all labor and material which shall thereafter be furnished by virtue of said contract.

It is clearly evident that the furnishing of material gives rise to the lien and that the filing of a lien statement merely keeps the lien alive as a basis for its enforcement. *Lays v. Hurley*, 215 Mass. 582, 103 N.E. 52 (1913); *Devine v. Clark*, 198 Mass. 56, 84 N.E. 309 (1908). The Supreme Judicial Court has held that a mechanic's lien under Ch. 254 is wholly a creature of statute. *Valentine Lumber & Supply Co. v. Thibeault*, 336 Mass. 411, 146 N.E.2d 349 (1958). The lien arises out of the circumstances under which the work is done and the materials are furnished. *Street Lumber Co. v. Sullivan*, 201 Mass. 484, 87 N.E. 905 (1909); *Devine v. Clark*, 198 Mass. 56, 84 N.E. 309 (1908).

Other circuits in discussing the nature of mechanics' and materialmen's liens have similarly held they are purely a creature of statute, requiring only compliance with statutory conditions for their existence. *In re Romanac*, 245 F.Supp. 882, aff'd. *National Bank and Trust Co. v. Allied Supply Co.*, 386 F.2d 225 (4th Cir. 1965); *York Corp. v. Brock*, 405 F.2d 759 (5th Cir. 1969); *Goodyear Tire and Rubber Co. v. Jones*, 317 F.Supp. 1285, aff'd 433 F.2d 629 (8th Cir. 1968). Furthermore, the mere fact that in order to enforce a lien a supplier may be required to resort to the courts does not make that lien a judicial lien. *Matter of Lowery Bros., Inc.*, 589 F.2d 851 (5th Cir. 1979).

Accordingly, this Court finds that plaintiff's lien, created by Mass.Gen.Laws Ch. 254 is a classic materialman's lien, not subject to avoidance under Section 522(f) of the Bankruptcy Code.

Although the Court finds in favor of the plaintiff on the question of lien avoidance raised as an affirmative defense in the defendants/debtors' answer, the plaintiff's underlying complaint for relief from stay and for permission to foreclose is dismissed because of mootness in view of the fact that this Court has by Order dated October 27, 1980 allowed the first mortgagee relief to foreclose in Adversary No. A80–385.